**In re Kurt BLANKEMEYER and Sharon K. Blankemeyer, Debtors.**

**No. CV. 86–0–752.**
**Bankruptcy No. 85–2490.**

United States District Court,
D. Nebraska.

Aug. 24, 1987.

William J. Rieb, Sioux City, Iowa, for debtors.

Kurt and Sharon K. Blankemeyer, pro se., on motion for temporary restraining order.

William Edmonds, Sioux City, Iowa, for Federal Land Bank.

### MEMORANDUM OPINION

STROM, District Judge.

This matter is before the Court on Blankemeyers' (hereinafter debtors) appeal (Filing No. 1) of the Bankruptcy Court's order of August 19, 1986, which denied confirmation of their reorganization plan and on debtors' motion for a temporary restraining order to enjoin the Federal Land Bank (FLB) from evicting them from the property at issue (Filing No. 5).

### BANKRUPTCY APPEAL

The Bankruptcy Court denied confirmation of debtors' Plan of Reorganization, holding that "FLB is not receiving property of a value as of the effective date of the plan equal to the allowed amount of its claim. No interest is proposed to be paid to FLB over twenty years. Therefore, plan does not comply with § 1129(b)(2)(B)(i)." Debtors original statement of issue on appeal was: "Did the Bankruptcy Court err when it failed to confirm debtors' Chapter 11 plan?" (Bankruptcy Court Filing No. 63, Sept. 4, 1986). Debtors later amended their designation of record on appeal but did not change their statement of issue (Bankruptcy Court Filing No. 66, Oct. 16, 1986). In their brief, however, debtors have stated the issues as: "1) Was the proof of claim of FLB of December 16, 1985, a nullity? and 2) Was FLB a holder of a claim entitled to vote in debtors' plan of reorganization?" The record shows that debtors raised the above arguments in bankruptcy court in resistance to FLB's objection to Blankemeyers' homestead allowance (Bankruptcy Court Filing No. 56, June 20, 1986). By journal entry, after a hearing, Bankruptcy Judge Mahoney rejected the Blankemeyers' arguments and sustained FLB's objection to the homestead exemption (Bankruptcy Filing No. 59, July 3, 1986). The Blankemeyers have not appealed that order. Accordingly, the Court

finds the issues raised in debtors' brief are not properly before the Court. The only issue which this Court will address is whether the Bankruptcy Court erred in failing to confirm debtors' plan of reorganization.

The facts are as follows. The debtors filed bankruptcy on October 29, 1985. FLB is a creditor of the estate by virtue of its first mortgage on the debtors' real property. In bankruptcy pleadings filed by the debtors, FLB is listed as a secured creditor with a total claim of $302,920. FLB filed its proof of claim in December, 1985, in the amount of $302,320.81. Debtors listed the real property which secured the mortgage as having a total value of $187,600. Accordingly, the record shows that FLB's claim was secured in the amount of $187,000 and the remainder of its claim was unsecured.

Prior to the inception of Bankruptcy proceedings, FLB had filed a foreclosure action in Dakota County, Nebraska, and had obtained a judgment against the debtors in the amount of $265,406.68, plus interest at the rate of 14.75% per annum from November 13, 1984. After expiration of the statutory redemption period, a final sale was pending at the time of the filing of the bankruptcy petition. In the Bankruptcy proceedings, FLB moved for relief from automatic stay (Bankruptcy Filing No. 12, Jan. 28, 1986), which was granted by the Bankruptcy Court (Bankruptcy Filing No. 26, Feb. 26, 1986). The Blankemeyers filed a motion for reconsideration of that order (Bankruptcy Filing No. 30, Feb. 28, 1986), which was denied (Bankruptcy Filing No. 32, March 3, 1986). Taking judicial notice of its records, the Court finds the Blankemeyers appealed the Bankruptcy Court's order lifting the stay. The appeal was dismissed for the reason that the Blankemeyers, by their own admission, " 'voluntarily' let their appeal lapse." *In re Blankemeyer*, CV. 86–0–216 (D.Neb. Nov. 5, 1986). FLB subsequently purchased the property at a Sheriff's Sale on May 7, 1986, for $249,500. and that sale was confirmed by the District Court of Dakota County, Nebraska, on June 17, 1986. The Court is advised that an appeal of the order of con-

firmation is pending before the Nebraska Supreme Court.

The Blankemeyers filed a Plan of Reorganization in the Bankruptcy proceedings (Bankruptcy Filing No. 28, Feb. 25, 1986). The Plan proposed that FLB retain its mortgage interest and that the unsecured portion of the FLB claim be paid over twenty (20) years with no interest. FLB objected to the Plan, voting both its secured claim and its unsecured claim against confirmation. The FLB objected to the Plan for two reasons. First, it contended that no "impaired" class accepted the Plan so the Plan did not meet the requirements of § 1129(a)(10). Most importantly, it contended that the Plan of Reorganization did not provide that the FLB receive property of a value as of the effective date of the Plan equal to the allowed amount of its claim.

The standard of review to be applied by this Court is that the Bankruptcy Court's findings of fact are not to be overturned unless clearly erroneous; however its conclusions of law are subject to de novo review. *In re Martin*, 761 F.2d 472, 474 (8th Cir.1985); see also, Bankruptcy Rule of Procedure 8013.

A proposed Plan of Reorganization may be confirmed only if all provisions of 11 U.S.C. § 1129(a) are met. *In re Hoffman*, 52 B.R. 212, 215 (Bankr.N.D.1985). Thus, the Court must find that the proposed Plan of Reorganization under consideration is feasible. Id. "In determining whether [a plan] is feasible, the bankruptcy court must scrutinize the plan carefully to determine whether it offers a reasonable prospect of success and is workable." *In re Monnier Bros.*, 755 F.2d 1336, 1341 (8th Cir.1985). An additional requirement before a court may approve confirmation under § 1129(a) of the Bankruptcy Code is that each class of claims or interests must either accept the Plan or be a class which is not impaired under the Plan. See 11 U.S.C. § 1129(a)(8). It is undisputed that FLB's claims were impaired and that it did not accept the Plan.

Section 1129(b)(1) provides that a bankruptcy court shall, at the request of the debtor or other proponent, confirm a Chapter 11 Plan over the objection of a class of creditors if the Plan does not discriminate unfairly and is fair and equitable with respect to each class of creditors who has not accepted the Plan. 11 U.S.C. § 1129(a)(1); *In re Ahlers*, 794 F.2d 388 (8th Cir.1986), cert granted in part sub nom. *Norwest Bank Worthington v. Ahlers*, — U.S. —, 107 S.Ct. 3227, 97 L.Ed.2d 733 (1987). "Section 1129(b)(2) establishes the standards for determining whether a plan is 'fair and equitable.' It adopts three different tests to determine whether a plan is fair and equitable, depending on whether the class is comprised of secured claims, unsecured claims, or ownership interests." Id. With respect to secured claims, "[u]nder subparagraph (i) the plan may be confirmed if the secured creditors retain a lien securing the amount of their secured claims and they receive deferred cash payments having a present value, as of the effective date of the plan, equal to the present value of the collateral." Id. This contemplates both the payment of interest and a present value analysis to discount value to be received in the future. Id. n. 15.

"With respect to a class of dissenting unsecured creditors, a plan will be 'fair and equitable' if one of two tests is satisfied. First, the plan may provide that each unsecured creditor in the class receive or retain property having a value, as of the effective date of the plan, equal to the amount of its claim. 11 U.S.C. § 1129(b)(2)(B)(i)." Id. at 402. The Court finds that the Plan proposed by the Blankemeyers could not provide FLB with property equal to the amount of its unsecured claim.

Alternatively, under the "absolute priority rule," a Plan may be confirmed over objection as long as no junior claims or interests participate in the Plan or retain an interest in the debtor's property. Id. Under the proposed Plan, the Blankemeyers would retain an equitable ownership interest. "[A] dissenting class of unsecured creditors must be provided for in full before any junior class may receive or retain any property under the plan unless the junior class contributes to the reorganization enterprise something that is reasonably compensatory and is measurable." Id. at 403. In the present case, the Blankemeyers have made no such showing.

Accordingly, the Plan did not meet the requirements of § 1129(b)(2)(B)(i). Clearly, the Plan proposed by the debtors did not provide the FLB with property of a value "equal to the allowed amount of its claim." The lack of inclusion of interest to FLB is fatal to the Plan. This Court finds that the Bankruptcy Court's findings of fact are not clearly erroneous and that its legal conclusions are correct. Accordingly, the Bankruptcy Court's order of August 19, 1986, will be affirmed.

## TEMPORARY RESTRAINING ORDER

A hearing on debtors' application for temporary restraining order (Filing No. 5) was held on August 19, 1987. Both parties were present, the Blankemeyers appearing pro se and FLB represented by counsel.

At that time, the Court was advised that the FLB would take no immediate steps to evict the Blankemeyers until this Court had addressed their appeal. Resolution of the appeal leaves no issues for resolution by this Court. The Court is advised that an appeal of the order of the Dakota County District Court is presently pending before the Nebraska Supreme Court and that an ejectment action is pending in Dakota County District Court. It is clear that the Blankemeyers' remedies lie exclusively in state court.

Accordingly, Blankemeyers' motion for temporary restraining order will be denied. An order in conformity with this memorandum opinion will issue this date.