963 F.2d 166
 Dennis CURRELL, Plaintiff-Appellee,
v.
Frank TAYLOR, Defendant,
Northwest Airlines, Inc.; Pilot's Pension Plan; Northwest
Airlines, Inc., Administrator; State Street Bank
and Trust Company, Trustee, Defendants-Appellants.
 No. 91-2538.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 12, 1992.
Decided April 28, 1992.
 
 Thomas Parker Peffer, Cedar Rapids, Iowa, argued, for defendants-appellants.
 David L. Baker, Cedar Rapids, Iowa, argued, for plaintiff-appellee.
 Before JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Northwest Airlines,[1] the Northwest Airlines Pilot's Pension Plan, and the plan's trustee (hereinafter collectively referred to as "the plan trustee") appeal the district court's reversal of the bankruptcy court's grant of summary judgment in their favor. We dismiss the appeal because the order appealed from is not final.I. BACKGROUND
 
 
 2
 Frank Taylor is a pilot for Northwest Airlines (hereinafter "Northwest"). Since July 1983, Northwest's pilots (including Taylor) have been represented at collective bargaining negotiations by the Air Line Pilots Association International ("ALPA"). As a result of agreements reached pursuant to these negotiations, Northwest established a pension fund for its pilots. All contributions to the plan are made by Northwest, and pilots are entitled to receive their share of the plan only upon their death, retirement, or termination of employment with Northwest. The plan contains an anti-alienation provision as required by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1056(d) (1988), and is entitled to preferential treatment under the Internal Revenue Code, 26 U.S.C. §§ 401 & 501 (1988).
 
 
 3
 In September 1987, Taylor filed for relief under Chapter 7 of the Bankruptcy Code. The bankruptcy trustee filed an adversary complaint against the plan, the plan administrator, the plan trustee, and Taylor, seeking a turnover of Taylor's interest in the plan. The bankruptcy court entered default judgments against all defendants, but later vacated the default judgments against all defendants except Taylor.
 
 
 4
 The parties then entered into a stipulation of facts; shortly thereafter, the bankruptcy trustee filed a motion for partial summary judgment, seeking a determination that he was entitled to recover Taylor's interest in the plan. Taylor resisted this motion. The remaining defendants resisted the bankruptcy trustee's motion and filed their own motion for summary judgment, alleging the plan constituted a spendthrift trust and thus was not part of the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2) (1988). The bankruptcy court determined the plan qualified as a spendthrift trust under Minnesota law and granted the plan trustee's motion for summary judgment. The bankruptcy trustee appealed to the district court, which reversed the bankruptcy court. In remanding the case to the bankruptcy court, the district court noted "the Bankruptcy Court did not address the question of when the [Bankruptcy] Trustee has a right to the funds representing the debtor's interest in the pension plan, nor did it review the applicability of § 522"[2] and ordered the bankruptcy court to address these issues. Currell v. Taylor, No. C90-169, slip op. at 5-6 (N.D.Iowa April 1, 1991). The plan trustee appeals the district court's decision.
 
 II. DISCUSSION
 
 5
 This court is empowered to hear bankruptcy appeals from the district court only if the district court's decision is final. 28 U.S.C. § 158(d) (1988). We gauge finality in this context by examining
 
 
 6
 (1) the extent to which the order leaves the Bankruptcy Court nothing to do but to execute the order; (2) the extent to which delay in obtaining review would prevent the aggrieved party from obtaining effective relief; and (3) the extent to which a later reversal on that issue would require recommencement of the entire proceeding.
 
 
 7
 In re Olson, 730 F.2d 1109, 1109 (8th Cir.1984) (internal citations omitted). The test for finality in the context of bankruptcy orders is more liberal than in nonbankruptcy proceedings, In re Apex Oil Co., 884 F.2d 343, 347 (8th Cir.1989); nonetheless, a district court's order generally is not final if it remands the case to the bankruptcy court, especially if the remand requires the bankruptcy court to make factual findings or exercise its discretion. In re Vekco, Inc., 792 F.2d 744, 745 (8th Cir.1986).
 
 
 8
 Application of these principles clearly indicates the order at issue is not final. On remand, the bankruptcy court was instructed to determine when the trustee would be entitled to receive Taylor's interest in the plan. This determination may involve construction of the plan's terms as well as other factual considerations. Moreover, the bankruptcy court was instructed to determine whether any portion of Taylor's interest would be exempt pursuant to 11 U.S.C. § 522(d)(10)(E). Although Iowa has passed legislation restricting the availability of the federal exemptions, Iowa Code Ann. § 627.10 (West pocket part 1992), Iowa allows an exemption for pensions "to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." Id. § 627.6(8)(e).[3] Taylor has not claimed any portion of his interest in the plan to be exempt; however, at oral argument the plan trustee indicated he believed the issue still needs to be resolved. Furthermore, the bankruptcy trustee described Taylor's position in this case as "procedurally confusing," and specifically noted that the record is vague (and no finding has been made) as to which state Taylor lives in. Given the state of the record, the plan trustee's belief that Taylor may still be able to claim an exemption, the lack of a judicial denial of that exemption, and the district court's remand specifically so the bankruptcy court could discuss the pension's exempt status, it is apparent much remains to be done in the bankruptcy court. Requiring the parties to return to the bankruptcy court will not prevent either party from seeking vindication on appellate review, and a later reversal by this court will not necessitate recommencement of proceedings in the bankruptcy court. For these reasons, we conclude the district court's order is not final.
 
 
 9
 The plan trustee insists the district court's order is final because it resolves the "central issue" in this dispute and a reversal of the district court would effectively end further litigation on this matter. We reject the plan trustee's argument because it unduly expands the concept of finality. If the plan trustee's argument were true, every denial of summary judgment or dismissal would be final and, hence, instantly appealable. We decline to liberalize the concept of finality to that point.
 
 III. CONCLUSION
 
 10
 The district court's order is not final, primarily because the order requires the bankruptcy court to make additional rulings and factual determinations. Consequently, we dismiss this appeal without prejudice.
 
 
 
 [1]
 Northwest appears in its own capacity and as administrator of its Pilots' Pension Plan
 
 
 [2]
 Given the context of this statement, the district court was specifically referring to 11 U.S.C. § 522(d)(10)(E) (1988)
 
 
 [3]
 On April 13, 1992, while this case was pending, the Governor of Iowa signed an act which amended the language of § 627.6(8)(e). The new law purports to apply retroactively to all bankruptcy matters pending on January 1, 1992. Act Relating to the Exemption From Execution for a Debtor's Rights in a Payment Under a Pension, Annuity, or Similar Plan or Contract, S.F. 2275, § 2 (April 13, 1992). On remand, the parties will undoubtedly wish to discuss the applicability and effect of this amendment