In re **LOMBARDO FRUIT & PRODUCE COMPANY, Debtor.**

**GOLDMAN FRUIT & PRODUCE COMPANY, Appellant,**

v.

**LOMBARDO FRUIT & PRODUCE COMPANY, et al., Appellees.**

**TOM LANGE COMPANY, INC. and Pupillo Brokerage Company, Appellants,**

v.

**LOMBARDO'S FRUIT & PRODUCE CO. and Uni–Fin Corp., Appellees.**

**GARY'S BROKERAGE, INC., Appellant,**

v.

**LOMBARDO FRUIT SERVICE, INC. and Uni–Fin Corp., Appellees.**

Nos. 89–2227C(6), 90–0287C(6) and 90–1527C(6).

United States District Court, E.D. Missouri, E.D.

Feb. 10, 1993.

---

D. Raymond Raney, Farrell & Long, P.C., Godfrey, IL, for Goldman Fruit and Produce Co.

Gary Lombardo, Lombardo Fruit & Produce Co., St. Louis, MO, Statutory Trustee.

David Sosne, Trustee of Bankruptcy, Mark Sanders, atty., St. Louis, MO, for Lombardo Fruit & Produce.

Steven H. Kerbel, Stephen P. McCarron, Sures, Dondero & McCarron, Silver Springs, MD, David H. Rubin, Richard Ahrens, Lewis, Rice & Fingersh, St. Louis, MO, for Tom Lange Co., Inc. and Pupillo Brokerage Co.

David A. Sosne, St. Louis, MO, trustee.

Scott A. Greenberg, Davis & Davis, St. Louis, MO, for Lombardo Fruit and Produce Co.

Jerome I. Kaskowitz, James D. Bass, Blumenfeld, Sandweiss, Marx, Tureen, Ponfil & Kaskowitz, St. Louis, MO, Jeffrey C. Blumenthal, Stephen Gorman, Foran, Wiss & Schultz, Chicago, IL, for Uni–Fin Corp.

J. Martin Hadican, Mary Elizabeth Ott, St. Louis, MO, L.W. Gudgeon, Northfield, IL, for Gary's Brokerage.

## MEMORANDUM OPINION

GUNN, District Judge.

These consolidated bankruptcy appeals concern the preservation and enforcement of trust benefits under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499a et seq. The Court has jurisdiction over these appeals pursuant to 28 U.S.C. § 158(a).

This consolidated action involves the following claims. In cause number 89–2227C(6) appellant Goldman Fruit and Pro-

duce Co. (Goldman) appeals from the October 31, 1989 grant of summary judgment in favor of defendants Lombardo Fruit and Produce Company (Lombardo) on the motion of defendant Uni–Fin Corporation (Uni–Fin). *Goldman Fruit & Produce Co. v. Lombardo Fruit & Produce Co. (In re Lombardo Fruit & Produce Co.)*, 106 B.R. 593 (Bankr.E.D.Mo.1989). In cause number 90–0287C(6) appellant Pupillo Brokerage Company (Pupillo) appeals from the November 9, 1989 order of the bankruptcy court granting partial summary judgment to the defendants Lombardo and Uni–Fin on Uni–Fin's motion for summary judgment. *Tom Lange Co., Inc. v. Lombardo Fruit & Produce Co. (In re Lombardo Fruit & Produce Co.)*, 107 B.R. 654 (Bankr.E.D.Mo.1989). Cause number 90–0287(6) also encompasses the appeal of Tom Lange Company, Inc. (Lange) from the December 13, 1989 order of the bankruptcy court granting judgment to Lombardo and Uni–Fin. *Tom Lange Co., Inc. v. Lombardo Fruit & Produce Co. (In re Lombardo Fruit & Produce Co.)*, 107 B.R. 952 (Bankr.E.D.Mo.1989). Finally, in cause number 90–1527C(6) appellant Gary's Brokerage, Inc. (Gary's) appeals the March 13, 1990 order of the bankruptcy court granting judgment to Uni–Fin. *Gary's Brokerage, Inc. v. Lombardo Fruit & Produce Co. & Uni–Fin Corp. (In re Lombardo Fruit & Produce Co.)*, Case No. 89–1101, Adv. No. 89–0176–BSS (Bankr.E.D.Mo. March 13, 1990).

In proceedings before the bankruptcy court, Goldman, Lange, Pupillo and Gary's Brokerage sought to preserve and enforce trust benefits granted to them under PACA as unpaid sellers of perishable agricultural commodities to the debtor Lombardo. Uni–Fin, as holder of a first, perfected security interest in all of Lombardo's accounts receivable was also a defendant in these actions.

PACA imposes a trust upon the perishable agricultural commodities held by a defaulting buyer in favor of a seller who supplies perishable agricultural commodities on a "cash" or "short-term" credit basis. 7 U.S.C. § 499e(c)(2). In order to obtain the protection conferred by the PACA trust, the potential trust beneficiary must comply with "a number of procedural and substantive prerequisites ... the specifics of which [PACA] leaves largely to the regulatory discretion of the Department of Agriculture." *In re Davis Distributors, Inc.*, 861 F.2d 416, 417 (4th Cir. 1988). For example, potential trust beneficiaries must file timely notices of their claims to PACA trust benefits. 7 U.S.C. § 499e(c)(3). In addition, to insure that a produce supplier is actually a "short-term" creditor, PACA requires that buyers make "full payment promptly" for all merchandise received from produce suppliers. 7 U.S.C. § 499b(4). The regulations define "full payment promptly" as payment within 10 days of delivery. *See* 7 C.F.R. § 46.-2(aa)(5). Buyers and sellers are permitted to choose payment terms exceeding ten days, but they must reduce their agreement for such terms to writing before entering into the transaction. *Id.* at § 46.-2(aa)(11). Moreover, the regulations also provide that "[t]he maximum time for payment for a shipment to which a seller ... can agree and still qualify for coverage under the trust is thirty days after [delivery]." *Id.* at § 46.46(f)(2).

## I. *Standard of Review*

■ The standard of review applicable to these appeals is set forth in *Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir. 1987); *Olson v. USA*, 133 B.R. 1016, 1018 (D.Neb.1991). The Court is bound by the findings of fact announced by the bankruptcy court unless those findings are clearly erroneous but is to conduct a *de novo* review of the conclusions of law enunciated by the bankruptcy court. *See id.* The facts relevant to these appeals are set out in detail in the above-noted decisions of the bankruptcy court. Upon thorough review of the facts set forth in these decisions and the record and the transcripts of the proceedings before the bankruptcy court, this Court adopts the factual findings of the bankruptcy court with the exceptions noted below.

## II. The Tom Lange and Gary's Brokerage Appeals

### A. Course of Dealing

■ With respect to the appeals of Tom Lange and Gary's Brokerage, the Court finds itself constrained by the holding of the Eighth Circuit Court of Appeals in *Hull Co. v. Hauser's Foods, Inc.*, 924 F.2d 777 (8th Cir.1991), to disagree with the conclusion of the bankruptcy court to the effect that "the parties' terms of payment were dictated by their course of dealing rather than their written letter agreement[s]." *Tom Lange Co., Inc.*, 107 B.R. at 958; *Gary's Brokerage, Inc.*, Case No. 89–1101, Adv. No. 89–0176–BSS, slip op. at 9.

In *Tom Lange* the bankruptcy court found that prior to the first delivery of produce Lange and Lombardo entered into a written agreement which specified payment terms of thirty days from date of shipment. *Tom Lange Co., Inc.*, 107 B.R. at 958. During the twenty-nine year business relationship between the parties, Lange rarely received payment from Lombardo within thirty days of shipment. *Id.* Moreover, in only one of the one hundred twenty-two transactions in question did Lange receive payment within the thirty day period prescribed by the parties' written agreement. *Id.* On this basis the bankruptcy court found that the parties' course of dealing revealed actual payment terms far in excess of thirty days and concluded that the terms dictated by the parties' course of dealing should control for purposes of determining Lange's eligibility for PACA trust protection. *Id.*

In *Gary's Brokerage* the bankruptcy court similarly found that the parties had agreed in writing and prior to the transactions in question to payment terms of "net 30 days, on or before, from the date of shipment." *Gary's Brokerage, Inc.*, Case No. 89–1101, Adv. No. 89–0176–BSS, slip op. at 8. Despite the terms of this written agreement, payment was not received within thirty days of shipment in any of the one hundred ten transactions between Gary's Brokerage and Lombardo's. *Id.* at 9–10. The bankruptcy court therefore concluded that the applicable payment terms were those revealed by the parties' course of dealing. *Id.* at 10. Because the payment terms exceeded the thirty day limitation applicable under PACA, the bankruptcy court further concluded that Gary's Brokerage was not entitled to the preservation of PACA trust benefits. *Id.* at 11.

On appeal both Lange and Gary's Brokerage contend that the terms of payment set forth in a written agreement should control for purposes of determining eligibility for PACA trust preservation despite evidence of a course of dealing reflecting that the parties' payment terms were in excess of thirty days. In *Hull*, the Eighth Circuit held that produce sellers who entered into oral agreements to extend time for payment to thirty and forty-five days were nevertheless entitled to PACA trust protection. *See Hull Co. v. Hauser's Foods, Inc.*, 924 F.2d at 782. The court reasoned that such oral agreements would have no effect on a produce seller's trust protection because the statute and regulations require all agreements to extend time of payment beyond ten days to be in writing. *Id.* at 781. Thus, "a buyer who enters into oral agreements to extend the time for payment beyond ten days makes arrangements to commit violations of the prompt payment provisions of PACA." *Id.* at 782. Noting the remedial purpose of the 1984 PACA amendments, namely, the protection of the interests of unsecured produce sellers like Lange and Lombardo, the court concluded that "it would be incongruous to disregard oral agreements [to extend the time for payment beyond ten days] for the purpose of enforcing PACA but recognize them for the purpose of voiding the sellers' protection under the trust." *Id.* In order to preserve the function of the PACA amendments as a "self-help tool" for produce suppliers plagued by the "slow-pay" or "no-pay practices" of produce buyers like Lombardo, the court determined that only written agreements to extend time for payment should be recognized. *Id.* In reaching this conclusion, the court implicitly rejected the course of dealing rationale espoused by the bankruptcy court in this case. *See id.* at 784. (McMil-

lian, J., dissenting) In light of the court's implicit rejection of the course of dealing argument and its emphasis upon the necessity of written agreements to protect the interests of produce sellers, this Court concludes that neither Lange nor Gary's Brokerage waived its right to demand payment within thirty days of delivery as a result of their course of dealing under the written agreements. Therefore, with respect to Gary's Brokerage, the terms of payment applicable to these transactions are reflected in the written agreement providing for payment within thirty days. Absent the twenty-week extension of payment discussed below, the written agreement for payment within thirty days would also have governed Lange's claims under Account 143.

### B. Extension of Payment Terms

As a result of Lombardo's persistent inability to meet its payment obligations, Lange and Lombardo entered into a subsequent agreement providing for a twenty-week extension of payment with respect to all invoices covered by Account 143. This arrangement was memorialized in a letter agreement dated October 31, 1988. Because the bankruptcy court concluded that the parties' course of dealing prior to the formation of this agreement controlled their terms of payment, it did not determine the effect of this twenty-week extension of payment terms.

On appeal Lange asserts that the written agreement to extend payment for twenty weeks is without effect because the extension agreement was entered into *following* the transactions in question in violation of 7 U.S.C. § 499e(c)(3)(ii). Uni–Fin asserts that the agreement is effective but nonetheless operates to void Lange's claim for trust protection because it reveals Lange's failure to require payment within thirty days. Pursuant to 7 C.F.R. § 46.46(f)(2) "[t]he maximum time for payment to which a seller ... can agree and still qualify for coverage under the trust is thirty days after [delivery]." In light of this regulatory restriction, the Court concludes that the October 31, 1988 letter agreement deprives Lange of trust protection with respect to the sixteen outstanding invoices under Account 143.

Having concluded that the twenty-day extension of payment agreement deprived Lange of its trust protection under Account 143, the Court declines to consider Lange's assertions concerning the timeliness of notices filed with respect to certain checks returned for insufficient funds.

### C. Account 466

On appeal Lange also challenges the propriety of the bankruptcy court's rulings with respect to an account referred to by Lange and Lombardo as Account 466. This account arose as a result of Lange's efforts to collect the $430,000 it was owed by Lombardo while still allowing Lombardo to continue its produce operations. *Tom Lange Co., Inc.*, 107 B.R. at 954. On October 28, 1988 Lange purchased eleven stalls on produce row from a Lange affiliate for the sum of $750,000. *Id.* The sale proceeds were distributed as follows: $150,000 was applied to Lombardo's outstanding balance, $400,000 was disbursed to Uni–Fin and $200,000 was retained by Lombardo. *Id.* Following the $150,000 payment to Lange, Lombardo maintained a balance of $127,931.40. *Id.* In a letter agreement dated October 31, 1988, Lange and Lombardo agreed that beginning November 4, 1988, Lombardo would pay Lange the balance in twenty weekly installments of $6,396.57. *Id.* Pursuant to a "Lease–Option Agreement" Lange immediately leased the units back to Lombardo for an initial three-year term with an option to repurchase nine of the stalls if its entire outstanding balance of payment with Lange was paid in full at the time of closing. *Id.* at 955. After the purchase of the stalls, Lange again began supplying produce to Lombardo. Account 466 was established to distinguish between old debt incurred prior to July 2, 1988 and sums which Lombardo would incur following the initial deliveries of produce on October 31, 1988. *Id.*

On appeal Lange challenges as clearly erroneous the finding of the bankruptcy court that it acquired "substantial equity"

through its purchase of the Lombardo stalls. The Court does not agree. This finding is supported by the evidence adduced concerning the average value of the stalls, recent sale values for other comparable stalls and Tom Lange's own testimony that he believed Lombardo's stalls to be worth $100,000 each. (Tr. 246, 248).

The bankruptcy court properly concluded that the credit extended to Lombardo under Account 466 was an open account "secured" by equity. When viewed in the context of the entire purchase-leaseback-option transaction, the $150,000 line of credit was effectively secured by the equity Lange acquired in the produce stalls. This conclusion is further supported by the fact that Lombardo's three-year option to repurchase its stalls from Lange could be exercised only if its debt with Lange was paid in full. The three-year option to repurchase also bars Lange from claiming that its payment terms were thirty days from date of invoice. In addition, the letter agreement which Lange contends embodies the thirty day agreement is without effect because there is no proof that it was entered into prior to the date of the initial delivery under the account, October 31, 1988. The bankruptcy court properly determined that the payment terms were not thirty days from date of invoice. Finally, the bankruptcy court properly concluded that Lange was not eligible for PACA trust protection under Account 466 because Lange was not a short-term, unsecured creditor within the meaning of PACA. The "substantial equity" acquired by Lange coupled with the three-year repayment option afforded Lombardo demonstrate that Account 466 did not involve a short-term, unsecured credit transaction.

### D. The Replacement Checks

In light of this Court's determination that Lange may not preserve any of its trust benefits as to Account 466, the Court finds it unnecessary to reach the issue of whether Lange adequately preserved its PACA benefits with regard to the replacement checks which it received with respect to certain of the Account 466 transactions.

### E. Gary's Brokerage and the NSF Checks

■ On appeal Gary's Brokerage also asserts that it is entitled to trust protection with respect to six checks tendered by Lombardo as payment for produce. Upon presentation for payment, the checks were returned for insufficient funds. *Gary's Brokerage, Inc. v. Lombardo Fruit & Produce Co. & Uni–Fin Corp. (In re Lombardo Fruit & Produce Co.)*, Case No. 89–1101, Adv. No. 89–0176–BSS (Bankr. E.D.Mo. March 13, 1990), slip op. at 6. In some cases Lombardo issued replacement checks and in some cases Gary's redeposited the checks on a later date. *Id.* Some of the checks took as many as ten days to clear. *Id.* Gary's filed its first notice of check dishonorment forty-four days after the date on which the product covered by the invoices was shipped. *Id.* Uni–Fin asserts that Gary's is not entitled to trust protection with respect to these checks because it failed to comply with 7 U.S.C. § 499e(c)(3)(iii), which requires the filing of a claim within thirty days after the seller "receive[s] notice that the payment instrument promptly presented for payment has been dishonored." The bankruptcy court found it unnecessary to reach this issue because it concluded that Gary's course of dealing deprived it of all trust protection. *Id.* at 13. Having concluded that Gary's did not wholly forfeit trust protection as a result of its course of dealing under the thirty day written agreement, the Court must determine whether it is entitled to trust protection with respect to the six dishonored checks.

Gary's now contends that it is entitled to trust protection as a result of the operation of 7 U.S.C. § 499e(c)(2) which provides that "[p]ayment shall not be considered to have been made if the ... seller ... receives a payment which is dishonored." Upon consideration of the interaction of sections 499e(c)(2) and (3), the Court concludes that Gary's argument must fail. Under Gary's interpretation, the time for filing the notice required by section 499e(c)(3) would be postponed indefinitely whenever a seller receives a payment instrument which is dis-

honored. Because this interpretation ignores the thirty day time period triggered by the seller's receipt of notice of dishonorment, it would also render section 499e(c)(3)(iii) a nullity. For these reasons the Court concludes that Gary's has failed to establish its entitlement to trust protection with respect to the six dishonored checks.

### III. *The Goldman Appeal*

#### A. Existence of a written agreement

■ On appeal Goldman asserts that the bankruptcy court erred by overlooking a material factual dispute concerning the existence of a written agreement specifying payment terms other than the ten day payment terms prescribed by the Secretary of Agriculture. Pursuant to 7 U.S.C. § 499e(c)(3)(ii), a claimant for trust benefit protection under PACA must demonstrate that payment terms were expressly agreed to in writing by the parties prior to the time of the transactions on which the trust is predicated. *See also* 7 C.F.R. § 46.-2(aa)(11) ("[T]he party claiming the existence of such an agreement for time of payment shall have the burden of proving it.") The bankruptcy court determined that Uni–Fin "sustained its burden of showing no factual dispute" and that Goldman failed to come forward with evidence indicating the existence of such a dispute. *In re Lombardo Fruit & Produce (Goldman Fruit & Produce Co.)*, 106 B.R. 593, 597 (Bankr.E.D.Mo.1989).

The Court concludes that the bankruptcy court did not err in granting summary judgment to Uni–Fin with respect to the issue of the existence of a prior written agreement to extend payment terms to thirty days from delivery. In opposition to Uni–Fin's motion for summary judgment, Goldman came forward with an affidavit from its president, Mr. Randazzo, in which he affies that the payment terms between the parties were thirty days and an undated letter to Lombardo reflecting thirty day payment terms. Mr. Randazzo, the drafter and signatory of the letter, has testified that he is unable to recall when he wrote or mailed the letter and that nothing will help

to refresh his memory regarding these dates. Randazzo depo. at 48–49.

Upon review of the record before it, the Court agrees with the conclusion of the bankruptcy court that further factual inquiry would be fruitless. *Goldman Fruit & Produce Co.*, 106 B.R. at 597. This is not a case where the writer of the letter has provided an affidavit asserting that the letter was written or mailed prior to the transaction. If that were the case, there would be a factual dispute as to the existence of a prior written agreement. In this case there is an absence of proof with respect to an issue on which Goldman bears the burden of proof. Therefore, as matter of law, Goldman has failed to sustain its burden of proof as to the existence of a prior written agreement for payment within thirty days of delivery. In addition, the absence of proof as to the timing of the letter indicates that Goldman is unable to demonstrate compliance with that portion of the statute requiring a prior agreement. *See In re John DeFrancesco & Sons, Inc.*, 114 B.R. 335, 337–38 (Bankr.D.Mass.1990). Accordingly, the bankruptcy court properly concluded that Goldman was not entitled to trust preservation on the basis of a prior written agreement to extend payment terms to thirty days.

Goldman further asserts that the bankruptcy court erred in failing to conclude that Lombardo's purchase orders constitute an express preexisting written contract for payment within thirty days of delivery. It is undisputed that Goldman and Lombardo transacted business on the basis of invoices supplied to Lombardo's by Goldman and not on the basis of the Lombardo's purchase orders. Moreover, prior to discovery in this lawsuit Goldman did not possess copies of these purchase orders. Thus, a claim for trust benefits predicated on the purchase orders would not comply with the regulatory requirement that each party maintain a copy of the written agreement in their files. *See* 7 C.F.R. §§ 46.2(aa)(11) and 46.46(f)(1). Therefore, the bankruptcy court properly concluded that the recitation on the buyer's purchase orders of thirty day payment terms is insufficient to consti-

tute a prior written agreement for payment on such terms as contemplated by 7 U.S.C. § 499e(c)(3)(ii).

### B. *The Dishonored Checks*

■ Pursuant to section 499e(c)(3)(iii), an unpaid produce seller may preserve its trust benefits by filing a PACA notice within thirty days after receipt of "notice that the payment instrument promptly presented for payment has been dishonored." Goldman contends that this requirement is independent of the ten day and thirty day time limitations set forth in 7 U.S.C. § 499e(c)(3)(i) and (ii). The bankruptcy court concluded that these time limits were necessarily interrelated because Goldman's interpretation would essentially void the ten and thirty day prompt payment requirements in cases where the buyer pays by check and that instrument is subsequently dishonored.

In this case it is undisputed that Goldman received all of the original checks more than thirty days after delivery of the produce in question. Assuming, as Goldman contends, that Goldman and Lombardo agreed to thirty day payment terms, the checks in question were all received by Goldman sixty days or more after the delivery of the goods in question. If Goldman had received payment from Lombardo within the time period provided for by their agreement, it could have more than thirty days after delivery of the produce. The bankruptcy court properly held that the buyer must tender a check to the seller within the time provided for by the Secretary or by the parties' agreement. In the event that such tender is not forthcoming, the seller is not free to postpone the filing of its notice to preserve a trust claim indefinitely in the hope that the buyer will pay with a check which is subsequently dishonored. If the seller were free to so act, the Congressional design restricting PACA trust protection to short-term creditors would be thwarted. Therefore, the bankruptcy court also properly concluded that Goldman failed to file a timely notice for preservation of its PACA trust benefits and did not strictly comply with § 499e(c)–(3)(iii).

### IV. *The Pupillo Appeal*

■ The bankruptcy court properly concluded that there was no genuine dispute as to the parties' payment terms which were net thirty days from receipt of invoice. The bankruptcy court also properly held that the aforementioned terms violated PACA and disqualified Pupillo's claim for trust preservation as to all but five of the invoices at issue.

On appeal Pupillo raises two principal arguments. First, Pupillo asserts that 7 C.F.R. § 46.46(f)(2), the regulation which sets forth the maximum payment term limitation of "thirty days after receipt and acceptance of the commodity," is either unauthorized or nonbinding. This circuit previously has recognized the authority of the Department of Agriculture to enact regulations under PACA governing time of payment. *See Hull Co. v. Hauser's Foods, Inc.,* 924 F.2d at 781 (quoting 7 U.S.C. § 499e(c)(3) "Congress left the specifics to the regulatory discretion of the USDA, including the task of prescribing the time 'by which payment must be made' "). Moreover, the legislative history and case law interpreting PACA indicate the absolute and binding nature of the thirty day requirement embodied in 7 C.F.R. § 46.-46(f)(2). *See In re Davis Distr., Inc.,* 861 F.2d 416, 417 (4th Cir.1988); *In re D.K.M.B.,* 95 B.R. 774, 779 (Bankr.D.Colo. 1989). H.R. 543, 93rd Cong.2d Sess. 7, *reprinted in* 1984 *U.S.Code Cong. & Admin.News,* 405, 410 ("An agreement for payment after [the time specified by the USDA] will not be eligible to receive the benefits of the trust"). On the basis of the foregoing, the Court concludes that the bankruptcy court properly held that, in all but five transactions, the parties established payment terms in excess of thirty days from the date the produce was accepted and that such terms violated the statutory provision 7 U.S.C. § 499e(c)(3)(iii) and the regulations promulgated thereunder. *Tom Lange Co., Inc.,* 107 B.R. at 660.

■ Pupillo also asserts that it is entitled to reformation of its contract with

Lombardo's to provide that payment is due within thirty days from date of receipt. (Pupillo App. Br., 18) Pupillo contends that the parties mistakenly believed that payment terms of thirty days from the invoice date would comply with PACA and entitle Pupillo to preservation of the trust benefits. *Id.* at 16. As Pupillo concedes, a mistake of law is not ordinarily grounds for reformation, recision, cancellation or avoidance of a contract. *See National Union F. Ins. Co. v. D & L Const. Co.*, 353 F.2d 169, 174 (8th Cir.1965). Pupillo relies upon an exception to this general rule which provides for reformation as a remedy for mistake brought about by fraud or inequitable conduct of a fiduciary.

There is no support in the record before the Court for the contention that Lombardo's stood in a fiduciary relation to Pupillo in connection with the negotiations which resulted in the payment terms agreement. Moreover, the Court finds Pupillo's contention that Lombardo's and Uni–Fin acted inequitably when they entered into their financing agreement unpersuasive. Accordingly, the opinion of the bankruptcy court with respect to the issues raised by Pupillo on appeal is affirmed.

## JUDGMENT

Pursuant to the memorandum opinion filed on this date herein,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the opinion of the bankruptcy court in *Goldman Fruit & Produce Co. v. Lombardo Fruit & Produce Co. (In re Lombardo Fruit & Produce Co.)*, 106 B.R. 593 (Bankr.E.D.Mo. 1989) shall be and it is affirmed.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the opinion of the bankruptcy court in *Tom Lange Co., Inc. v. Lombardo Fruit & Produce Co. (In re Lombardo Fruit & Produce Co.)*, 107 B.R. 654 (Bankr.E.D.Mo.1989) shall be and it is affirmed.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the opinion of the bankruptcy court in *Tom Lange Co., Inc. v. Lombardo Fruit & Produce Co. (In re Lombardo Fruit & Produce Co.)*, 107

B.R. 952 (Bankr.E.D.Mo.1989) shall be and it is affirmed in part and reversed in part.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the opinion of the bankruptcy court in *Gary's Brokerage, Inc. v. Lombardo Fruit & Produce Co. and Uni–Fin Corp. (In re Lombardo Fruit & Produce Co.)*, Case No. 89–1101, Adv. No. 89–0176 BSS (Bankr.E.D.Mo. March 13, 1990) shall be and it is affirmed in part and reversed in part.