## In re BANK BUILDING AND EQUIPMENT CORPORATION OF AMERICA, Debtor.

### The PLAN COMMITTEE, et al., Appellants,

v.

### Walter M. CLARK, Appellee.

### No. 4:92CV00837 GFG.

United States District Court, E.D. Missouri, E.D.

Aug. 24, 1993.

David A. Sosne, Summers and Compton, St. Louis, MO, for appellants.

Andrew M. Burns, Alan C. Kohn, Kohn and Shands, St. Louis, MO, for appellee.

James S. Cole, Jr., Asst. U.S. Trustee, Office of U.S. Trustee, St. Louis, MO.

## MEMORANDUM OPINION

GUNN, District Judge.

The Plan Committee appeals the order of the Bankruptcy Court granting Walter M. Clark summary judgment on the Committee's petition to avoid a transfer from the debtor, Bank Building & Equipment Corp. of America (BBC), to Clark. For the reasons set forth below, this Court reverses the decision of the Bankruptcy Court.

The facts are not in dispute. In 1976 Clark became a director of BBC. In 1980 BBC created a deferred compensation plan for its directors, pursuant to which Clark deferred receipt of his director's fees. By April 1, 1987, BBC owed Clark $157,089.59 under the plan. Clark wished to control the investment of these funds while maintaining their deferred status for income tax purposes. To that end, BBC created an irrevocable trust, the Bank Building Deferred Compensation Trust, with Clark as trustee, and paid to the trust the $157,-089.59 owed Clark.

ITEMS TEN and ELEVEN of the trust document provided that BBC had no right, title or interest in the trust funds, except that the fund's assets could be used to pay claims of BBC judgment creditors. ITEM ELEVEN further provided that the trustee was to hold the trust assets for the benefit of BBC creditors if he received written notification or had actual knowledge of an "Event of Insolvency," or a written allegation from a creditor of BBC that the company was insolvent.

Between April 1, 1987, and July 25, 1989, BBC paid Clark's director's fees to him as trustee of the trust, and he deposited them into the trust. On July 25, 1989, with the approval of BBC's board of directors, Clark terminated the trust and distributed the funds, which had grown to $208,000, to himself as the beneficiary. BBC claimed the payment as a tax deduction resulting in a tax saving of approximately $70,000.

On April 30, 1990, BBC filed a Chapter 11 bankruptcy petition. The Plan Committee filed the present proceeding contending that the July 25, 1989 transaction constituted a preferential transfer to an insider under 11 U.S.C. § 547(b)[1], and that because it had occurred less than one year prior to the bankruptcy petition, the estate was entitled to recover that amount from Clark.

The Bankruptcy Court concluded that the relevant transfer occurred on April 1, 1987, more than one year prior to the bankruptcy filing, and was therefore not voidable. The Bankruptcy Court reasoned that because after April 1, 1987, BBC could not control or use the trust funds for working capital, its interest in the funds was of no real value. Thus on July 25, 1990, there was no transfer of property of the estate.

Alternatively, the Bankruptcy Court held that under § 547(c)(1)[2] the transfer was not voidable because the $70,000 tax saving to BBC rendered the transfer a "contemporaneous exchange for new value given to the debtor." This appeal followed.

The Committee argues that because the trust funds were subject to claims of BBC

1. Title 11 U.S.C. § 547(b) provides:
   (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
   (1) to or for the benefit of a creditor;
   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
   (3) made while the debtor was insolvent;
   (4) made—
   (A) on or within 90 days before the date of the filing of the petition; or
   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
   (5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

2. Title 11 U.S.C. § 547(c)(1) provides:
   (c) The trustee may not avoid under this section a transfer—
   (1) to the extent that such transfer was—
   (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
   (B) in fact a substantially contemporaneous exchange.

**140**

judgment creditors, the "transfer" for purposes of § 547(b) occurred on the date the trust was terminated; and that the $70,000 tax savings was not "new value" under § 547(c)(1). Because only questions of law are raised, this Court reviews the record de novo. *In re Lombardo Fruit & Produce Co.*, 150 B.R. 941, 944 (E.D.Mo.1993).

The following serve as fundamental guiding precepts for the Court:

■ "To be avoided, a transfer must deprive the debtor's estate of something of value which could otherwise be used to satisfy creditors." *In re Newcomb*, 744 F.2d 621, 627 (8th Cir.1984).

■ "If the debtor transfers property that would not have been available for distribution to his creditors in a bankruptcy proceeding, the policy behind the avoidance power is not implicated. The reach of § 547(b)'s avoidance power is therefore limited to transfers of ['an interest of the debtor in property']." *Begier v. IRS*, 496 U.S. 53, 59 & n. 3, 110 S.Ct. 2258, 2263 & n. 3, 110 L.Ed.2d 46 (1990).

■ The Court concludes that the Bankruptcy Code's definition of "transfer" is broad enough to include both the transfer that occurred when the trust was created and the transfer that occurred when the trust funds were distributed. *See In re Newcomb*, 744 F.2d at 626 (Code's definition of "transfer" is broad enough to include both transfer that occurred when escrow fund is created and transfer that occurred when condition of escrow is met). Thus, what must be considered is the "real substance of the interests transferred." *Id.*

■ Generally, "because a debtor does not own an equitable interest in property he holds in trust for another, that interest is not '[an interest of the debtor in property.'" *Begier v. IRS*, 496 U.S. at 59 & n. 3, 110 S.Ct. at 2263 & n. 3. In this case, however, by the terms of the trust document itself, BBC retained an interest in the trust funds which creditors could reach. The Court finds that this interest was of sufficient value to the debtor that the relevant transfer occurred when the trust funds were distributed to Clark out of the reach of other creditors. *Cf. In re O.P.M. Leasing Services, Inc.*, 46 B.R. 661, 668 (Bankr.S.D.N.Y.1985) (money placed in escrow account by debtor was not property of estate because interest retained by debtor in escrow funds could not be reached by judgment creditors). Because the relevant transfer was to an insider within one year of the bankruptcy petition and meets the other requirements of § 547(b), the funds are recoverable by the Plan Committee as a preference.

■ Finally, the Court concludes that the tax benefit to BBC does not constitute "new value" under the exception of § 547(c)(1) and that the other exceptions to the preferential transfer avoidance power are not applicable.

Accordingly,

The decision of the Bankruptcy Court is reversed.

### JUDGMENT

Pursuant to the memorandum opinion filed on this date, IT IS HEREBY ORDERED, ADJUDGED and DECREED that the decision of the Bankruptcy Court is reversed and the case is remanded for further proceedings consistent with this opinion.