## In re BANK BUILDING AND EQUIPMENT CORPORATION OF AMERICA, Debtor.

**The PLAN COMMITTEE, By H. Bernard ENGEL; James Burzynski, Representative of Jim & Slim's Tool Supply; and Arthur Shafer, Representative of Morgan Drive–Away, Inc. through Richard Miller, Liquidation & Distribution Agent, on behalf of Bank Building & Equipment Corp. of America, Appellee,**

v.

**Walter M. CLARK, Appellant.**

No. 93–3427.

United States Court of Appeals, Eighth Circuit.

Submitted March 17, 1994.

Decided May 5, 1994.

Alan C. Kohn, St. Louis, MO, argued (Robert F. Murray, on the brief), for appellant.

Jeffrey Harrold, St. Louis, MO, argued, for appellee.

Before McMILLIAN, BOWMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

McMILLIAN, Circuit Judge.

Walter M. Clark appeals from an order entered in the United States District Court [1] 158 B.R. 138 for the Eastern District of Missouri reversing an order entered in the United States Bankruptcy Court [2] for the Eastern District of Missouri. The bankruptcy court granted Clark's motion for summary

judgment and dismissed the Plan Committee's complaint for turnover. The Plan Committee's complaint alleged that Clark had obtained property from the Debtor, the Bank Building and Equipment Corporation of America (BBEC), via a preferential transfer. We dismiss this appeal because the district court order appealed from is not a final order as required by 28 U.S.C. § 158(d).

In 1976, Clark became a director of BBEC. On April 1, 1987, Clark and BBEC agreed that Clark's compensation as a director would be placed in trust (Trust) pursuant to a deferred compensation agreement. On April 1, 1987, BBEC placed $157,089.59 into the Trust.[3] BBEC had owed Clark this money from a previous deferred compensation agreement. Between April 1, 1987, and July 25, 1989, BBEC placed additional amounts of Clark's compensation in the Trust. On July 25, 1989, the Trust was dissolved, and the corpus, $208,453.23, was distributed to Clark.

On April 30, 1990, BBEC filed for relief under Chapter 11 of the bankruptcy code. On October 15, 1991, the Plan Committee (Committee) filed an adversary proceeding against Clark seeking turnover of the $208,-453.23 distributed to Clark. The Committee claimed that the distribution of funds to Clark was a preferential transfer from BBEC under 11 U.S.C. § 547(b). Clark was an insider of BBEC at all relevant times, extending the preference period to one year before filing. *Id.* § 547(b)(4)(B).

On March 3, 1992, Clark moved for summary judgment on grounds that the Committee could not establish various elements of a preferential transfer under § 547(b) as a matter of law. The bankruptcy court found, as a matter of law, that BBEC had transferred the disputed property to Clark on April 1, 1987, a date beyond the preference period, and granted summary judgment in

---

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

2. The Honorable Karen M. See, United States Bankruptcy Judge for the Western District of Missouri, sitting by designation.

3. Because Clark also served as trustee of the Trust, BBEC funded the Trust by first paying Clark. Clark then deposited the money into the trust in his capacity as trustee.

favor of Clark.[4] *In re Bank Building & Equipment Corp. of America,* No. 90–402011–293, slip op. at 7–12 (Bankr.E.D.Mo. Apr. 13, 1992). The bankruptcy court did not make any findings of fact or law regarding BBEC's insolvency.

The Committee appealed to the district court. The district court reversed, holding that the transfer occurred on July 25, 1989, within the preference period, and that the transfer met "the other requirements of § 547(b)." *Id.,* 158 B.R. at 140 (E.D.Mo. 1993). The district court made no reference to BBEC's insolvency. The district court remanded the case to the bankruptcy court for further proceedings consistent with its opinion. This appeal followed.

■ While neither party explicitly raised the issue of appellate jurisdiction in their briefs, this court is obligated to address jurisdictional problems on its own if it perceives any. *Lewis v. United States,* 992 F.2d 767, 771 (8th Cir.1993) (*Lewis*). This court is allowed to decide bankruptcy appeals from the district court only if the district court enters a final decision, judgment, order, or decree. 28 U.S.C. § 158(d); *Lewis,* 992 F.2d at 771. Finality is determined by examining

(1) the extent to which the order leaves the Bankruptcy Court nothing to do but to execute the order; (2) the extent to which delay in obtaining review would prevent the aggrieved party from obtaining effective relief; and (3) the extent to which a later reversal on that issue would require recommencement of the entire proceeding.

*In re Olson,* 730 F.2d 1109, 1109 (8th Cir. 1984) (*Olson*) (internal citations omitted); *see also Currell v. Taylor,* 963 F.2d 166, 167 (8th Cir.1992) (*Currell*) (per curiam). The

test for finality in the context of bankruptcy orders is more liberal than in nonbankruptcy proceedings. *In re Apex Oil Co.,* 884 F.2d 343, 347 (8th Cir.1989). A district court order remanding to the bankruptcy court for findings of fact is generally not a final order. *In re Vekco, Inc.,* 792 F.2d 744, 745 (8th Cir.1986).

■ We do not think the district court order is a final appealable order.[5] The district court order left open the issue of insolvency and remanded the case to the bankruptcy court, ostensibly for this very reason. As noted above, the bankruptcy court has made no findings of insolvency.[6] Furthermore, a remand to the bankruptcy court would not create a delay that would frustrate Clark from later appealing to this court; the bankruptcy court need only consider BBEC's insolvency on July 25, 1989. *See Lewis,* 992 F.2d at 773. Nor would a later reversal of the district court necessitate relitigation in bankruptcy court, as such a reversal would result in dismissal.

This case is similar to *Currell,* 963 F.2d at 167. In *Currell,* the trustee in bankruptcy (Trustee) sought turnover of funds in the debtor's pension plan on grounds that the money was property of the estate. The defendants claimed the funds exempt under 11 U.S.C. § 541(c)(2), on grounds that the pension plan was a spendthrift trust. Both parties moved for summary judgment. The bankruptcy court granted summary judgment in favor of the defendants and the Trustee appealed. The district court reversed and remanded the case to the bankruptcy court for a factual determination as to when the Trustee would be entitled to the debtor's interest in the pension plan. 963

---

4. The bankruptcy court also held that Clark was not a creditor of BBEC after April 1, 1987. The bankruptcy court further held that the dissolution of the Trust, even if a preference, was excepted from avoidance under 11 U.S.C. § 547(c)(1). The bankruptcy court found a contemporaneous exchange for new value on grounds that BBEC received a $70,000 tax deduction because of the dissolution of the trust. *In re Bank Bldg. & Equip. Corp. of Am.,* No. 90–402011–293, slip op. at 11–12 (Bankr.E.D.Mo. Apr. 13, 1992). The district court rejected these conclusions. *Id.,* 158 B.R. at 139 (E.D.Mo.1993).

5. Clark could have requested certification for an interlocutory appeal under 28 U.S.C. § 1292(b) (1988). *See Connecticut Nat'l Bank v. Germain,* — U.S. ——, —— ——, 112 S.Ct. 1146, 1148–50, 117 L.Ed.2d 391 (1992) (holding that 28 U.S.C. § 158(d) does not disallow the courts of appeals from hearing interlocutory appeals of district court orders reviewing bankruptcy court decisions).

6. Although both parties did not address the merits of this issue in their briefs to this court, Clark characterized the insolvency question as being "hotly disputed." Brief for Appellant at 33.

F.2d at 167. The defendants appealed to this court. In dismissing for lack of a final order, this court emphasized the remaining factual questions the bankruptcy court needed to address, noting "it is apparent that much remains to be done in the bankruptcy court." *Id.* at 168. Similarly, in the instant case, the district court reversed the grant of summary judgment and remanded the case to the bankruptcy court for further findings, including the issue of BBEC's insolvency.

Accordingly, we dismiss this appeal for lack of appellate jurisdiction without prejudice. We express no opinion as to the merits of the substantive issues presented on appeal.