In re Kurt BLANKEMEYER and Sharon K. Blankemeyer, Debtors.

Appeal of Kurt BLANKEMEYER and Sharon K. Blankemeyer.

No. 87–2288.

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1988.

Decided Nov. 16, 1988.

Rehearing Denied Dec. 16, 1988.

---

William J. Rieb, Sioux City, Iowa, for debtors.

A. Frank Baron, Sioux City, Iowa, for appellee.

Before McMILLIAN, Circuit Judge, ROSS, Senior Circuit Judge, and LARSON,* Senior District Judge.

PER CURIAM.

Kurt and Sharon K. Blankemeyer (debtors) appeal from a final judgment entered in the District Court[1] for the District of Nebraska affirming the decision of the bankruptcy court denying confirmation of their Chapter 11 reorganization plan. *In re Blankemeyer*, 78 B.R. 565 (D.Neb.1987). The bankruptcy court[2] denied confirmation of the debtors' plan because "FLB [Federal Land Bank of Omaha] is not receiving property of a value as of the effective date of the plan equal to the allowed amount of its claim. No interest is proposed to be paid FLB over twenty years. Therefore,

[the] plan does not comply with [11 U.S.C.] § 1129(b)(2)(B)(i)."

The debtors' initial argument on appeal to the district court was that the bankruptcy court erred when it failed to confirm their Chapter 11 plan. In their brief, however, they defined the issues as: (1) whether the proof of claim of FLB of December 12, 1985, was a nullity and (2) whether FLB was entitled to vote on their plan. These issues were directed solely to the debtors' homestead allowance claim. After the bankruptcy court sustained FLB's objection to the debtors' homestead exemption, the debtors did not appeal. Consequently, the district court held, and correctly so, that neither of the above two issues had been preserved for review. Therefore, the only issue before the district court, and now before this court, was whether the bankruptcy court erred in failing to confirm the debtors' plan.

The district court found that the debtors filed their bankruptcy petition on October 29, 1985, and that FLB was a secured creditor of the estate because of its first mortgage on the debtors' real property. In the debtors' bankruptcy pleadings, they listed FLB as a secured creditor with a total claim of $302,920. FLB's proof of claim was in the amount of $302,320.81. The debtors listed the real property which secured the FLB mortgage as having a total value of $187,000; consequently FLB had a sizable unsecured claim. We note that this unsecured claim alone entitled FLB to vote on the debtors' plan.

The district court further found that, prior to the debtors' filing of their bankruptcy petition, FLB had filed a foreclosure action, which had been reduced to judgment on November 13, 1984, against the debtors in the amount of $265,406.68, plus interest. After expiration of the statutory redemption period, a final sale of the debtors' property was pending at the time

---

* The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Lyle E. Strom, Chief Judge, United States District Court for the District of Nebraska.

2. The Honorable Timothy Mahoney, United States Bankruptcy Judge for the United States Bankruptcy Court for the District of Nebraska.

of the filing of their bankruptcy petition. FLB moved for relief from the automatic stay and later purchased the property at a sheriff's sale for $249,500. The sale was confirmed on June 17, 1986.[3]

The debtors' plan proposed that FLB retain its mortgage interest and that the unsecured portion of its claim would be paid over twenty years with no interest. FLB opposed the debtors' plan for two reasons: first, the plan did not meet the requirements of 11 U.S.C. § 1129(a)(10) because no "impaired" class had accepted it and, second, the plan required FLB to receive property of a lesser value as of the effective date of the plan than the allowed amount of its claim.

In order to be confirmed, a proposed plan of reorganization must satisfy the requirements of 11 U.S.C. § 1129. Not only must the bankruptcy court find the plan to be feasible and that it offer a reasonable prospect of success and is workable, but also, and equally important, the bankruptcy court must find that each class of creditors must either accept the plan or not be impaired under the plan. *See, e.g., Norwest Bank Worthington v. Ahlers,* —— U.S. ——, 108 S.Ct. 963, 966–70, 99 L.Ed.2d 169 (1988); *Kane v. Johns–Manville Corp.,* 843 F.2d 636, 648–50 (2d Cir.1988); *In re Monnier Bros.,* 755 F.2d 1336, 1340–42 (8th Cir.1985). Here, the district court found that the debtors' plan would not provide FLB with property equal to the amount of its unsecured claim. Moreover, the district court found that under the plan the debtors would retain an equitable ownership interest. Consequently, it was incumbent upon the debtors to show that any dissenting unsecured creditor would be provided for in full before any junior class of unsecured creditors could receive or retain any property under the plan, unless the junior class contributed something reasonably compensatory and measurable to the reorganization enterprise. The district court found that the debtors had made no such showing

and affirmed the bankruptcy court's denial of confirmation.

We have examined the record and find no error of fact or law. *See, e.g., In re Martin,* 761 F.2d 472, 474 (8th Cir.1985) (clearly erroneous standard of review applicable to bankruptcy court's findings of fact; conclusions of law subject to de novo review). Accordingly, we affirm the judgment of the district court. *See* 8th Cir.R. 14.

---

**3.** The order of confirmation was affirmed by the state supreme court. *Federal Land Bank v. Blankemeyer,* 228 Neb. 249, 422 N.W.2d 81 (1988).

