The TRAVELERS INSURANCE
COMPANY, Appellee,

v.

KCC–LEAWOOD CORPORATE
MANOR I, Appellant.

No. 89–2487.

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1990.

Decided July 12, 1990.

John Martin Klein, Dallas, Tex., for appellant.

Kenneth C. Jones, Kansas City, Mo., for appellee.

Before JOHN R. GIBSON and BOWMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

BOWMAN, Circuit Judge.

KCC–Leawood Corporate Manor I ("KCC") appeals an August 29, 1989 order of the District Court.[1] KCC filed a Chapter 11 bankruptcy petition on January 25, 1988. A limited partnership, KCC owns an office building valued at $1,600,000.00. The building is secured by a 12.75% per annum promissory note held by The Travelers Insurance Company ("Travelers") worth $1,354,797.10.

KCC's plan proposed repayment of the promissory note at a maximum 10% per annum rate, rather than the 12.75% contract rate. Travelers filed objections to the plan, asserting that it could not be forced to accept a discount rate. After notice and hearing, the Bankruptcy Court[2] confirmed the plan subject to certain conditions,[3] including the following:

(1) That KCC amend the plan to provide for a repayment of Travelers' secured claim at the rate of 12.75% per annum.

(2) That no creditors object in writing to the terms of the order within 21 days.

(3) That KCC receive additional capital of not less than $350,000.00 from its limited partners within sixty days.

(4) That the Bankruptcy Court retain jurisdiction until consummation of the plan or until further order of the court.

Bankruptcy Court Order at 7. The "confirmation" of the plan also was conditioned upon circulation thereof to creditors and other parties of interest and a certification of ballots cast in support of the plan.[4]

KCC appealed to the District Court,[5] raising essentially two arguments. First, it

---

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

2. The Honorable Dennis J. Stewart, Chief Bankruptcy Judge for the Western District of Missouri. Chief Judge Stewart died on June 16, 1989.

3. This practice seemingly is not uncommon. *See, e.g., In re Easton*, 882 F.2d 312, 313 (8th Cir.1989).

4. As the order of the Bankruptcy Court was stayed pending appeal, none of the conditions has been fulfilled.

5. It is unclear from the record before us whether KCC's appeal to the District Court was taken as of right or under the discretionary "with leave" provision of 28 U.S.C. § 158(a) (1988). The Bankruptcy Court's order is "peculiar," District Court Order at 1, and its finality is problematic. We have gleaned from the record that KCC did file a motion for leave to appeal in the Bankruptcy Court. However, it also filed a notice of appeal with the District Court.

Nor does the opinion of the District Court clarify the matter. After some discussion, the court concludes that the Bankruptcy Court order "can be considered a final decision." *Id.* at 6. However, somewhat cryptically, the court goes on to mention that "[w]here a plan is denied by a bankruptcy court order, the district court may exercise its discretion to hear an appeal of that denial," which "this court will consider ... on appeal." *Id.* at 7. This procedural inquiry is more than a mere academic exercise. Although this Court has assumed without deciding that such a denial is reviewable, *see In re Blankemeyer*, 861 F.2d 192 (8th Cir.1988), several courts have determined that "a district court decision is not 'final' for purposes of [appellate] jurisdiction when the underlying bankruptcy court decision is interlocutory

maintained that the order was a final order suitable for appeal, and, second, that the Bankruptcy Court's finding that Travelers, as an oversecured creditor, was entitled to receive the 12.75% contract rate of interest was error. The District Court concluded that the order of the Bankruptcy Court was an implicit denial of confirmation, declined to address any other issues raised in the order, and remanded the case to the Bankruptcy Court for further proceedings.

On appeal to this Court, KCC asserts, *inter alia*, that an oversecured creditor may be compelled to accept a discounted rate of interest. In an order dated March 23, 1990, we requested that the parties further discuss this Court's jurisdiction of this appeal and specifically comment upon *In re Schneider*, 873 F.2d 1155 (8th Cir. 1989), and *In re Vekco, Inc.*, 792 F.2d 744 (8th Cir.1986). Upon careful consideration, we conclude that we lack jurisdiction in this matter.

Although interlocutory orders of bankruptcy courts may be appealed to the district court "with leave of the court," *see* 28 U.S.C. § 158(a) (1988), the jurisdiction of this Court in bankruptcy matters is confined to appeals "from all *final* decisions, judgments, orders, and decrees." 28 U.S.C. § 158(d) (1988) (emphasis added). *Vekco* and *Schneider* control this Court's analysis in such appeals. Under these cases, "a final decision is one that disposes of the specific controversy or claim 'on the merits and leaves nothing for the court to do but execute the judgment.'" *In re Vekco, Inc.*, 792 F.2d at 745 (citations omitted). While remand orders requiring only mechanical, computational, or ministerial tasks may be considered final, a district court order remanding either for further factual development or for other significant judicial activity involving the exercise of considerable discretion normally will not be a "final order" for purposes of appeal to this Court. *See id.; In re Schneider*, 873 F.2d at 1156–57.

The remand order in this case is quite open-ended. Therein the District Court states:

The status of the case, therefore, is that there is no proposed reorganization plan pending, so further proceedings in bankruptcy will be necessary. Perhaps sufficient time has elapsed since February 8, 1989, to require that the order be vacated so a new approach can be taken in accordance with any changed circumstances. That, of course, is a decision for the bankruptcy court to make.

District Court Order at 14. The order obviously contemplates not only the possibility of further factual development but also the exercise of considerable discretion by the Bankruptcy Court on remand, and therefore cannot be considered a final order reviewable by this Court.

Because we have no jurisdiction to consider KCC's appeal, the appeal must be, and hereby is, dismissed.

and appeal to the district court is taken under the 'with leave' provision of section 158(a)." *Bowers v. Connecticut Nat'l Bank*, 847 F.2d 1019, 1021–22 (2d Cir.1988); *accord In re Louisiana World Exposition, Inc.*, 832 F.2d 1391, 1395 & n. 5 (5th Cir.1987).