**In re Ben P. (NMN) GAINES, and Shelba Jean Gaines, a/k/a Jeanne Gaines, d/b/a Bed & Breakfast, Debtors.**

**Ben P. (NMN) GAINES, and Shelba Jean Gaines, Appellees,**

**v.**

**Danny R. NELSON, Trustee, Appellant.**

**No. 90–2103.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1991.

Decided May 6, 1991.

---

Danny R. Nelson, Springfield, Mo., for appellant.

Craig A. Smith, Springfield, Mo., for appellees.

Before ARNOLD, Circuit Judge, BRIGHT, Senior Circuit Judge, and LOKEN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

Danny R. Nelson, the Trustee in Bankruptcy, appeals from the order of the district court quashing the bankruptcy court's order reopening and extending the time for objecting to the debtors' discharge. We conclude that the bankruptcy court's order was not final and appealable and therefore the district court lacked jurisdiction to review the matter. Accordingly, we dismiss this appeal and vacate the judgment of the district court and remand the matter with directions to dismiss the appeal from the bankruptcy court for lack of jurisdiction.

## I. BACKGROUND

On November 21, 1988, Ben Gaines and Shelba Jean Gaines (debtors) filed a voluntary joint petition for relief pursuant to Chapter 7, Title XI of the United States Bankruptcy Code. 11 U.S.C. §§ 701–766 (1988). The bankruptcy court scheduled the required meeting of creditors for December 16, 1988, *see id.* § 341; Bankr.R. 2003, making the last day to oppose discharge February 14, 1989, *see* Bankr.R. 4004 (complaint objecting to discharge shall be filed not later than sixty days following the first date set for the meeting of creditors). At the December 16 meeting, Thomas Jay Carlson disqualified himself as bankruptcy trustee and the parties continued the meeting to February 3, 1989. The filing deadline for objections to discharge remained February 14, 1989. Prior to the February 3 meeting, the bankruptcy court appointed Danny R. Nelson as the successor trustee.

Debtors filed their statement of affairs and their schedules of assets and liabilities with their petition for relief on November 21, 1988. The original statement of affairs and schedules did not disclose the existence of the debtors' bed and breakfast business, known as Gaines Landing. Debtors filed amendments to their schedules on January 4, January 19, February 7 and March 15, 1989. However, they did not disclose the existence of the bed and breakfast business in any of these amendments. Nor did debtors disclose the existence of the bed and breakfast business at the meeting of creditors on February 3, 1989, despite specific questions by the trustee which should have elicited this information. Both debtors also testified at a hearing on February 7, 1989,

concerning the trustee's objections to debtors' exemptions. They failed to disclose the existence of the bed and breakfast at that hearing as well.

On April 9, 1989, a local newspaper published a feature article about Gaines Landing. As a result of the article, Nelson became aware of the existence of the bed and breakfast on April 10, 1989. On June 7, 1989, debtors finally filed a set of amended schedules which reflected their operation of Gaines Landing.

On August 23, 1989, Nelson filed a motion to reopen or extend the time for filing complaints objecting to discharge. Nelson alleged that the debtors' post-petition conduct in concealing the bed and breakfast until after the February 14, 1989 deadline and the false testimony given at the February 3 and February 7, 1989 hearings constituted grounds for denial of the debtors' discharge. On September 12, 1989, the bankruptcy court granted Nelson's motion and entered its order reopening and extending the time for filing complaints objecting to discharge. Before the bankruptcy court could hear the merits of the objections to discharge, debtors appealed to the district court arguing that the time for filing objections is absolute and may not be extended.

The district court agreed with the debtors, quashed the order and remanded the case to the bankruptcy court. The district court determined that the bankruptcy court lacked the authority to extend or reopen the time for filing objections to the discharge once the original deadline had passed. The trustee then brought this appeal seeking to have the bankruptcy court's order reinstated.

## II. DISCUSSION

Neither party raised any jurisdictional issues in the district court or in the briefs filed with this appeal. We raise the issue on our own motion. *See, e.g., Butler v. Dexter*, 425 U.S. 262, 96 S.Ct. 1527, 47

L.Ed.2d 774 (1976); *McGowne v. Challenge–Cook Bros.*, 672 F.2d 652, 658 (8th Cir.1982) (appellate court obligated to raise jurisdictional issues not raised by the parties). Thus, before we reach the merits of Nelson's appeal, we address whether jurisdiction exists to review this matter. Every federal court has the inherent power to determine as a preliminary matter its own subject matter jurisdiction. *United States v. United Mine Workers of Am.*, 330 U.S. 258, 290–92, 67 S.Ct. 677, 694–95, 91 L.Ed. 884 (1947) (quoting *United States v. Shipp*, 203 U.S. 563, 573, 27 S.Ct. 165, 166, 51 L.Ed. 319 (1906) (Holmes, J.)).

District courts have jurisdiction to review appeals from final bankruptcy court judgments, orders and decrees. 28 U.S.C. § 158(a) (1988). The courts of appeal have jurisdiction to review "appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b)" of section 158. *Id.* § 158(d). Accordingly, jurisdiction to hear the merits, by both this court and the district court, rests on whether the bankruptcy court issued a final, appealable order.[1] *See In re Ramsey*, 612 F.2d 1220, 1222 (9th Cir.1980) ("If the district court did not have jurisdiction to review the merits, then this court does not have jurisdiction to consider the merits on appeal.").

The determination of the finality of a bankruptcy order is based on "the extent to which (1) the order leaves the bankruptcy court nothing to do but execute the order; (2) delay in obtaining review would prevent the aggrieved party from obtaining effective relief; and (3) a later reversal on that issue would require recommencement of the entire proceeding." *In re Apex Oil Co.*, 884 F.2d 343, 347 (8th Cir.1989). Analysis of the above factors leads to the conclusion that this appeal is premature; the order simply did not have

---

1. The record indicates that the debtors presented a motion to the bankruptcy court for leave to appeal pursuant to Bankr.R. 8003(c), *see also* 28 U.S.C. § 158(a) (1988), in the event their appeal was construed as an appeal from an interlocutory order rather than a final order. Our re-view of the record indicates that neither the bankruptcy court nor the district court treated this matter as a permissive interlocutory appeal. Thus, we review this matter solely as an appeal from a final order.

the effect of finally settling the parties' rights.

First, the bankruptcy court was not left with merely the execution of the order. Once the bankruptcy court extended the time for filing, Nelson could file his objections to discharge and present the bankruptcy court with the issue of whether the discharge should be granted. Thus, the discharge issue remained pending before the bankruptcy court and the controversy simply would not finally be determined until the bankruptcy court rendered a decision on the discharge question. Furthermore, numerous other matters pertaining to the debtors' bankruptcy petition remained pending; the order by no means resolved all issues related to the present controversy.

Moreover, we note that were the bankruptcy court to grant the discharge despite the objections, the issue now presented would be moot and appellate review would not be required. Under the circumstances, allowance of this appeal could certainly lead to piecemeal adjudication of this controversy.

Second, delay in appealing this order would not prevent the debtors from obtaining effective relief. The debtors retain the right to seek review of the initial order extending the time to file objections after the bankruptcy court has finally disposed of their petition. If the extension were improvidently granted—an issue which we express no view on—a reviewing court could reverse the order and vacate any subsequent actions taken pursuant to it.

Finally, a later reversal would not require recommencement of the entire proceedings. Thus, we conclude that the bankruptcy court's order extending the time in which to file objections was not a final, appealable order. As such, both this court and the district court lacked jurisdiction to review the merits.

## III. CONCLUSION

Accordingly, we dismiss this appeal on the merits without prejudice, vacate the district court judgment and remand with directions to dismiss the appeal from the bankruptcy court for lack of jurisdiction.