**In re MCORP FINANCIAL, INC., MCorp Management, and MCorp, Debtors.**

**Civ. A. No. H–92–199.**

United States District Court,
S.D. Texas.

April 23, 1992.

D.J. Baker, Weil Gotshal & Manges, Houston, Tex., for debtors.

David A. Ives, Leonard Marsh Hurt Terry & Blinn, Houston, Tex., for F.D.I.C.

John Flowers, Law Offices of John Flowers, P.C., Dallas, Tex., for Principal Mut. Life Ins. Co.

Philip D. Anker, Wilmer Cutler & Pickering, Washington, D.C., for Shearson Lehman Hutton, Inc.

Donald J. Christie, Kirkendall & Collins, Houston, Tex., Robert J. Rosenberg, Latham & Watkins, New York City, for Official Committee of Unsecured Creditors of MCorp, MCorp Financial Inc., & MCorp Management.

OPINION ON DISMISSAL OF APPEAL

HUGHES, District Judge.

### 1. Introduction.

On January 7, 1992, the bankruptcy court denied confirmation of the debtors' third chapter 11 plan of reorganization. 137 B.R. 219. The debtors and the official committee of unsecured creditors have appealed that order. The appeals have been consolidated. Principal Mutual Life Insurance Company, Shearson Lehman Hutton, Inc., and the Federal Deposit Insurance Company, three of the creditors, have moved to dismiss the appeal because (a) the bankruptcy court's order was not appealable by right as interlocutory; and (b) discretionary leave is not merited. The appeal will be dismissed, and this case will be remanded for continued administration by the bankruptcy court.

### 2. Reasons for Denial of Confirmation.

Among the many grounds listed by the bankruptcy court for denial of confirmation were: (a) the debtors had not obtained acceptance of the plan by the requisite classes; (b) the debtors had failed to prove the value of the debtors' assets; and (c) a number of plan provisions violated the bankruptcy code.

### 3. Rules for Appeal.

The district court has jurisdiction to hear appeals from "final judgments, orders, and decrees, and with the leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a). To appeal a final order the appellant needs only to file a notice of appeal in the district court. Bankr. Rule 8001. To appeal an interlocutory order the appellant must request leave of court. Bankr. Rule 8003. The debtors only filed a notice of appeal.

### 4. Appeal by Right.

■ Although there is no direct authority in this circuit, decisions in other circuits have held that an order denying confirma-

tion of a chapter 13 plan is not a final order. *In re Simons*, 908 F.2d 643, 645 (10th Cir.1990); *Maiorino v. Branford Savings Bank*, 691 F.2d 89, 90 (2d Cir. 1982). "So long as the petition is not dismissed, ... it is open to the debtor to propose another plan, and for all that an appellate court would know in any given case such a plan might be acceptable to the parties or bankruptcy judge concerned." *Maiorino*, 691 F.2d at 91. "So long as the bankruptcy proceeding itself has not been terminated, the debtor, unsuccessful with one reorganization plan, may always propose another for the bankruptcy court to review for confirmation." *Simons*, 908 F.2d at 645.

The appellants argue that denial of a chapter 13 plan is distinct from denial of a chapter 11 plan. This court disagrees. For purposes of procedural finality, there is no rational distinction. As long as the debtor has the opportunity to submit another plan, the order is interlocutory. In both instances, the administration is a process under way until a plan is confirmed.

The Court of Appeals for the Fifth Circuit has entertained appeals of orders denying plan confirmation, but because jurisdiction was not discussed in the opinions, there is no indication that it was raised by the parties or by the court *sua sponte*. *In re Sandy Ridge Dev. Corp.*, 881 F.2d 1346 (5th Cir.1989); *In re Williams*, 850 F.2d 250 (5th Cir.1988); *In re Foster*, 670 F.2d 478 (5th Cir.1982). These cases cannot persuade. The Fifth Circuit has vacated opinions deciding the merits of a case when it later discovered, *sua sponte*, that it did not have jurisdiction to hear the appeal. *See*, *In re First Financial Development Corp.*, No. 91–7041, slip op. (5th Cir. March 20, 1992), opinion vacated on rehearing, 960 F.2d 23 (5th Cir.1992).

An interlocutory order is "one which does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to be taken in order to enable the court to adjudicate the cause on the merits." *In re Kutner*, 656 F.2d 1107, 1111 (5th Cir.1981), *cert. denied*, 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982). An interlocutory order has also been described as one that "does not end litigation on the merits or terminate the interest of Debtor or any creditors in the estate." *In re Hunt Int'l Resources Corp.*, 57 B.R. 371 (N.D.Tex.1985). A final order, on the other hand, "must conclusively determine substantive rights." *In re Greene County Hosp.*, 835 F.2d 589, 595 (5th Cir.), *cert. denied*, 488 U.S. 820, 109 S.Ct. 64, 102 L.Ed.2d 41 (1988).

A bankruptcy court order, entered before the court's confirmation of the debtor's chapter 11 plan of reorganization, was interlocutory, and the court of appeals lacked jurisdiction to hear an appeal. *In re First Financial Development Corp.*, No. 91–7041, slip op. (5th Cir. March 20, 1992), opinion vacated on rehearing, 960 F.2d 23 (5th Cir.1992). The order was one overruling a creditor's objections made to the debtor's disclosure statement. The court's reasoning is equally applicable to an order denying a plan of confirmation.

The interlocutory nature of this order is still more apparent when we recognize that [the creditor] may well object to the First Financial's next amended disclosure statement when filed, and to the one following that, and on ad nauseam, until in [the creditor's] view First Financial finally "gets it right." To allow [the creditor] to appeal the result of each repeated "bite at the apple" would be a true waste of judicial resources and in direct contravention to the concept of final adjudication in the bankruptcy courts as contemplated by Congress when it enacted the Bankruptcy Code. *Id.* at 3595.

Although confirmation of the debtors' plan would be a final appealable order, denial of confirmation, while an integral step in the process of bankruptcy administration, does not end the bankruptcy proceedings or terminate the particular interests of the debtors or the creditors. The debtors are not being denied their right to appeal. When a plan is ultimately confirmed by the bankruptcy court, they may appeal to this court. The bankruptcy

court's order from which the debtors appealed did not end the litigation; this confirmation is a continuing process.

### A. Law of the Case.

Appellants argue that the bankruptcy court's order affects the substantive rights of the parties because the incorrect interpretation of the relevant provisions of the bankruptcy code, as they apply to the debtors' plan, constitutes the law of the case for any later plans to be submitted. This is incorrect. The appellants assert that the law of the case "expresses the practice of courts generally to refuse to reopen what has been decided." *In re Evangeline Refining Co.*, 890 F.2d 1312, 1321 (5th Cir. 1989). The doctrine, however, only applies to a final ruling. *Id.* at 1322. Moreover, it is discretionary and not an inexorable command that rigidly binds a court. *Id.* Even where it applies, the doctrine has exceptions for new evidence, changes of law, clearly erroneous earlier decisions, and manifest injustice. *United States v. McClain*, 593 F.2d 658, 664–65 (5th Cir.) *cert. denied*, 444 U.S. 918, 100 S.Ct. 234, 62 L.Ed.2d 173 (1979). The bankruptcy judge is clearly able to rethink, if necessary, the application of the code to future plans. Assuming, without deciding, that the bankruptcy court's earlier rulings were incorrect, it is in no way inextricably tied to them.

### B. Hardship.

The appellants also assert that the general "hardship exception" to the finality rule applies. This exception, apparently, applies where there is "an order, otherwise nonappealable, determining substantial rights of the parties which will be irreparably lost if the review is delayed until final judgment." *Huckeby v. Frozen Food Express*, 555 F.2d 542, 548–49 (5th Cir.1977). The appellants argue that denial of review will subject the parties to substantial expense and inevitable delays of renewed plan negotiations and confirmation proceedings. The same argument, however, could be made by any party attempting to appeal a denial of a motion for summary judgment to the circuit court from the district court. In addition, review by this court could result in a remand to the bankruptcy court for further confirmation proceedings; confirming the plan is only one of the possible results from a review by this court. The same delays, if not greater ones, might ensue. The appellants have not shown that they will be irretrievably injured should immediate appellate review be withheld.

### 5. *Permissive Appeal.*

Although the debtors have not requested leave to appeal, this court will treat the notice of appeal as a motion for leave to appeal. Bankr. Rule 8003(c). The standards for granting leave from an interlocutory order of the bankruptcy court are guided by the statute governing interlocutory appeals from the district court to the circuit court. 28 U.S.C. § 1292(b).

### A. *Controlling Question of Law.*

Leave may be granted if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* The bankruptcy court's denial was based, among other findings, on the debtors' unequal treatment of creditors within the same class, an insufficient reserve for contested claims, and an inadequate method of valuing the debtors' assets. The bankruptcy court found that the debtors failed to establish that their plan was in the best interest of the creditors, violating section 1129(a).

Many of the issues implicated are fact intensive questions that do not qualify for an interlocutory appeal. Many, if not most, of the grounds for appeal, are matters committed to the sound discretion of the bankruptcy court; there is neither a controlling issue of law or substantial ground for a difference of opinion on the relevant legal principles. The issues "rest within the sound discretion of the bankruptcy judge after a fact-intensive review." *In re Global Marine, Inc.*, 108 B.R. 1007, 1009 (Bankr.S.D.Tex.1988).

### B. *Collateral Order Doctrine.*

A district court can also grant an interlocutory appeal under the "collateral order doctrine." *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The order must (1) deal with an issue that is independent from the substance of the other claims; (2) conclusively determine the question; (3) be unreviewable on appeal from a final judgment; and (4) involve a serious and unsettled question of law. *Louisiana Ice Cream Distributors, Inc. ·v. Carvel Corp.*, 821 F.2d 1031, 1033 (5th Cir.1987).

Confirmation of a plan is clearly not an independent issue from the rest of the case; it *is* the case. Similarly, because the debtors may submit another plan for confirmation, there is no overriding interest needing immediate protection.

### 6. *Conclusion.*

The appeal of the bankruptcy court's denial of the chapter 11 plan of reorganization does not meet the standards for permissive review. 28 U.S.C. § 1292(b). In addition, the order is not a final one for purposes of appeal as of right. The appeal will be dismissed, and the case will be remanded for continued administration by the bankruptcy court.