**Inalene LEWIS, Appellant,**

v.

**UNITED STATES of America, FARMERS HOME ADMINISTRATION, Appellee.**

**No. 92–2286.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1993.

Decided April 30, 1993.

Robert D. Banfield, Washington, DC, argued, for appellant.

Mark W. Webb, Fort Smith, AR, argued, for appellee.

Before MAGILL, LOKEN, and HANSEN, Circuit Judges.

MAGILL, Circuit Judge.

This appeal arises from a district court decision affirming a bankruptcy court's order. The bankruptcy court order neither confirmed a final payment plan nor did it dismiss the underlying bankruptcy petition. Rather, the bankruptcy court outlined the acceptable elements of a plan and gave the debtor ten days in which to submit a conforming plan or face dismissal of her case if she failed to adhere to the court-imposed payment schedule. Before submitting a conforming plan, the debtor immediately appealed. The district court affirmed and the debtor appealed to this court. We hold that we lack jurisdiction to consider this case because there has not been a final decision rendered by the bankruptcy court.

## I.

In May 1980, Inalene Lewis' daughter, Jacqueline, executed a promissory note and real estate mortgage in favor of the Farmers Home Administration (FmHA) for a parcel of real property in Hot Springs, Arkansas (the Property). A house was constructed on the site. In July 1980, the FmHA approved interest credit assistance for Jacqueline Lewis. The assistance subsidized Jacqueline's payments, resulting in monthly payments of $134.

In May 1981, Inalene Lewis (hereinafter Lewis) executed an FmHA assumption agreement and interest credit agreement for the Property. The interest credit agreement subsidized Lewis' payments, resulting in monthly payments of $112. The interest credit agreement was renewed periodically, and was last renewed in June 1985, maintaining her $112 per month payments.

In April 1986, the FmHA informed Lewis that her interest credit had been terminated because her home was no longer below moderate home standards. Her monthly payments, no longer subsidized, were to rise to $353 beginning in July 1986. By early 1987, Lewis had become delinquent on the $353 monthly payments. The FmHA then accelerated her account.

Lewis objected to the termination of her interest credit subsidy and the acceleration. She requested and received an administrative hearing regarding her interest credit assistance and the acceleration of her account on November 30, 1987. A few days after the hearing, the FmHA hearing officer informed Lewis via letter that "the decision made by the District Director to accelerate your account for the reason, Monetary Default, is upheld." The letter contained information and instruction regarding Lewis' right to appeal the decision. The record does not indicate that Lewis pursued further administrative appeals.

In October 1988, the FmHA instituted a foreclosure action in United States District Court for the Western District of Arkansas against Lewis because she was delinquent in her account. Lewis filed a counterclaim in which she argued that her interest credit subsidy had been wrongfully terminated.

The FmHA moved to dismiss Lewis' counterclaim and for summary judgment on its claim.

On March 1, 1990, the district court issued an order and a memorandum opinion. In its order, the district court granted the FmHA's motion to dismiss Lewis' counterclaim. The district court accepted the FmHA's argument that its decision to terminate Lewis' interest credit was wholly committed to agency discretion and could be reviewed only for violations of specific statutes or regulations. It stated that Lewis "completely fails to allege in her counterclaim that by cancelling her interest credit assistance, and thereby raising her installment payments, the FmHA has violated any statute or regulation." *United States v. Lewis,* No. 88–6113, slip op. at 3 (W.D.Ark. Mar. 1, 1990). Therefore, the district court held that it was without jurisdiction to consider Lewis' counterclaim.

Furthermore, in its memorandum opinion, the district court found that there was no question that Lewis was delinquent in her payments. The court noted that Lewis would still be delinquent even if her payments had remained at the subsidized rate. Therefore, the court granted summary judgment in favor of the FmHA. On March 27, 1990, the district court issued a decree of foreclosure requiring Lewis to pay the entire indebtedness adjudicated within ten days or a judicial sale of the Property would be held to satisfy the FmHA's judgment.

Lewis appealed the decisions of the district court to this court. In a one paragraph per curiam opinion, this court affirmed the decision of the district court. The crux of this court's opinion stated: "The District Court correctly found that even if Lewis were credited with the amount of interest-credit she contends was improperly revoked, she would still have been in default at the time the government moved for summary judgment on its foreclosure claim." *United States v. Lewis,* 923 F.2d 859 (8th Cir.1990) (per curiam).

On December 11, 1990, the day before the foreclosure sale was to take place, Lewis

filed a pro se petition for relief under Title 11 of the United States Bankruptcy Code to reorganize her debts under Chapter 13. In her petition, Lewis proposed a plan which included monthly payments of $112, the same amount as the payment level which included the interest credit subsidy terminated back in 1986. The FmHA and the bankruptcy trustee objected to the plan. The FmHA objected, among other things, because the issue of Lewis' entitlement to continued interest credit subsidies had already been adjudicated in the foreclosure proceedings and, therefore, was barred from reconsideration in the bankruptcy court by the doctrine of res judicata.

On May 13, 1991, the United States Bankruptcy Court, Western District of Arkansas issued an order. Included in the order was the following finding: "The court has taken judicial notice of [the district court's] Foreclosure Decree and Judgment, and the parties are bound by the findings in said Decree and Judgment." *In re Lewis,* No. HS–90–374F, slip op. at 2 (Bankr.W.D.Ark. May 13, 1991). The order concluded as follows:

> The objections to confirmation filed by the United States and the Trustee are sustained and debtor is granted 10 days to modify her plan consistent with this order. Any such modified plan shall contain the following:
>
> (a) Debtor must provide to cure the delinquency owed to Farmers Home Administration in the sum of $21,265.74 within 60 months, which is the sum of $354.43 per month. In addition, debtor must pay regular monthly payments to Farmers Home Administration in the sum of $353 for a total payment to Farmers Home Administration of $707.43, per month.
>
> (b) The debtor must pay monthly at least $743.71 to the trustee, beginning not later than June 20, 1991, and due by the 20th day of each month thereafter until the plan is completed. Payment must be made by money order or cashier's check. If any payment is not made in a timely fashion, this court finds the debtor's plan is not feasible, and an *Ex Parte* Order will be

entered dismissing this case with prejudice.

*Id.* at 2–3.

The same day that the bankruptcy court's written order was filed and before any modified plan was submitted, Lewis filed a notice of appeal to the district court. At the district court level, Lewis argued that the interest credit issue had never been adjudicated on the merits, and the bankruptcy court erred in holding that it was bound by the foreclosure action. The FmHA renewed its argument that Lewis' attempt to revive the interest credit issue was barred by res judicata. In relevant part the district court held as follows:

> Final judgment on the merits precludes the relitigation of a claim on any grounds raised before or on any grounds which could have been raised in the prior action. *Poe v. John Deere Co.,* 695 F.2d 1103, 1105 (8th Cir.1982), citing *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398 [101 S.Ct. 2424, 2427, 69 L.Ed.2d 103] (1981). Ms. Lewis contends that the interest credit issue was not adjudicated because it was dismissed upon lack of subject matter jurisdiction. However, this court points Ms. Lewis to the Eighth Circuit ruling that states, "[t]he District Court correctly found that even if Lewis were credited with the amount of interest-credit she contends was improperly revoked, she would still have been in default at the time the government moved for summary judgment on its foreclosure." Ms. Lewis's interest credit argument was found to be irrelevant by the Eighth Circuit because even with the interest credit deduction, she was still in default on her mortgage payments.
>
> Ms. Lewis now seeks to receive interest credit deductions in her bankruptcy action. "Having failed to recover on one theory of recovery, a litigant cannot attempt to relitigate the same claim under a different theory of recovery." *Poe v. John Deere Co.,* 695 F.2d 1103, 1105 (8th Cir.1982) (citations omitted). This court affirms the bankruptcy court's determination that it was bound by this district court's judgment and the judgment of the Eighth Cir-

cuit finding Ms. Lewis in default of her mortgage payments.

*Lewis v. United States,* No. 91–6137, slip op. at 3–4 (W.D.Ark. May 7, 1992). In all other respects, the district court affirmed the decision of the bankruptcy court.

Lewis now appeals from the order of the district court affirming the bankruptcy court's opinion.

## II.

This court and the district court's jurisdiction to hear appeals from bankruptcy courts is defined by 28 U.S.C. § 158. Section 158(a) states: "The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges...." 28 U.S.C. § 158(a). Section 158(b) allows judicial circuits to establish a bankruptcy appellate panel. 28 U.S.C. § 158(d) states: "The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section." As these sections indicate, the district court has discretion to consider interlocutory appeals from bankruptcy courts, while this court may consider only final decisions of district courts or bankruptcy appellate panels. *Drewes v. St. Paul Bank for Coops. (In re Woods Farmers Coop. Elevator Co.),* 983 F.2d 125, 127 (8th Cir.1993).

Initially in their briefs to this court, the parties did not raise any jurisdictional issues. This court is obligated to raise such jurisdictional issues on its own if it perceives any. *See, e.g., Gaines v. Nelson (In re Gaines),* 932 F.2d 729, 731 (8th Cir.1991); *McGowne v. Challenge–Cook Bros., Inc.,* 672 F.2d 652, 658 (8th Cir.1982). In considering this appeal, this court was troubled by the finality of the decisions in this proceeding. Accordingly, we requested supplemental briefing on the issue of finality. We now conclude that we are without jurisdiction to hear this case and therefore we vacate the district court's order and remand with directions.

The bankruptcy court's order in this case left much confusion as to the status of the bankruptcy petition. The order denied confirmation of Lewis' proposed plan and sustained the FmHA's and the trustee's objections. However, it did not dismiss her bankruptcy petition outright, although it did threaten to dismiss the case if timely payments were not made. Neither did the bankruptcy court's order confirm a plan, although it stipulated what payments were acceptable. In essence, the order seemed to make the continuation of bankruptcy protection conditional on Lewis' future adherence to a court-mandated plan. The order granted Lewis ten days in which to submit a modified plan, but then instructed exactly what the modified plan must contain. The order also stipulated that if any court-mandated monthly payment was not timely made, then the court will find "the debtor's plan" to be not feasible and will issue an ex parte order dismissing the petition with prejudice. This court has deemed such a conditional bankruptcy order in another situation to be "peculiar" and "its finality ... problematic." *Travelers Ins. Co. v. KCC–Leawood Corporate Manor I,* 908 F.2d 343, 344 n. 5 (8th Cir.1990). We find this bankruptcy order to be equally peculiar and problematic.

Adding to the uncertain state of the bankruptcy action, the debtor, on the same day the bankruptcy court issued its order, filed its notice of appeal to the district court. Appeal was sought before Lewis ever submitted any alternate plan to the bankruptcy court. The district court did not state whether it considered Lewis' appeal to be an appeal as of right, or one subject to the discretionary "with leave" provision for interlocutory orders in 28 U.S.C. § 158(a). *See Travelers,* 908 F.2d at 344 n. 5 (expressing confusion about whether district court's jurisdiction was predicated on a discretionary appeal or an appeal as of right). Because there is nothing to indicate that the district court considered the appeal discretionary, we will assume that the district court viewed the

bankruptcy order as a final order and Lewis' appeal as an appeal as of right. The district court affirmed the requirements of the bankruptcy court-imposed plan, without analyzing the bankruptcy order's finality. Therefore, in order for this court to have jurisdiction over the district court's affirmance, the underlying bankruptcy order itself must be a final decision for purposes of 28 U.S.C. § 158(d). *See Simons v. Federal Deposit Ins. Corp. (In re Simons)*, 908 F.2d 643, 644 (10th Cir.1990); *Cash Currency Exch., Inc. v. Shine (In re Cash Currency Exch., Inc.)*, 762 F.2d 542, 545–46 (7th Cir.), *cert. denied*, 474 U.S. 904, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985); *International Horizons, Inc. v. Committee of Unsecured Creditors (In re International Horizons, Inc.)*, 689 F.2d 996, 1000 (11th Cir.1982); *Universal Minerals, Inc. v. C.A. Hughes & Co.*, 669 F.2d 98, 100–01 (3d Cir.1981).

We note at the outset that many other courts have held that bankruptcy orders denying confirmation of a proposed plan but not dismissing the underlying petition are nonfinal decisions not subject to appeal. *See, e.g., Simons*, 908 F.2d at 645; *Maiorino v. Branford Sav. Bank*, 691 F.2d 89, 91 (2d Cir.1982); *In re MCorp Fin., Inc.*, 139 B.R. 820, 822 (S.D.Tex.1992); *In re Madill*, 65 B.R. 729, 731 (D.Mont.1986); *In re Hardy*, 30 B.R. 109, 111 (Bankr.S.D.Ohio 1983); *but see Hardy v. Cinco Fed. Credit Union (In re Hardy)*, 755 F.2d 75, 76 (6th Cir.1985) (appeal from rejection of Chapter 13 plan heard by court of appeals with no comment on jurisdictional problems recognized in related opinion issued by bankruptcy court); *cf. In re Chinichian*, 784 F.2d 1440, 1442 (9th Cir. 1986) (holding order only partially confirming proposed plan was nonfinal so that appeal therefrom did not divest bankruptcy court of jurisdiction). This court holds that this bankruptcy order, which neither confirms a plan nor dismisses the underlying petition, is not final.

■ This holding is in complete accord with the existing Eighth Circuit law which compels the conclusion that the order in this case is nonfinal. This court has established a three-part test to determine whether a bankruptcy decision is final. We consider:

(1) the extent to which the order leaves the Bankruptcy Court nothing to do but to execute the order; (2) the extent to which delay in obtaining review would prevent the aggrieved party from obtaining effective relief; and (3) the extent to which a later reversal on that issue would require recommencement of the entire proceedings.

*Currell v. Taylor*, 963 F.2d 166, 167 (8th Cir.1992) (quoting *In re Olson*, 730 F.2d 1109, 1109 (8th Cir.1984)). We note that the test for finality in the bankruptcy area is more liberal than in nonbankruptcy proceedings. *See, e.g., Brown v. Mt. Prospect State Bank (In re Muncrief)*, 900 F.2d 1220, 1224 (8th Cir.1990); *Kubicik v. Apex Oil Co. (In re Apex Oil Co.)*, 884 F.2d 343, 347 (8th Cir.1989); *Aetna Life Ins. Co. v. Leimer (In re Leimer)*, 724 F.2d 744, 745 (8th Cir.1984).

■ The first element to consider in determining finality is the extent of the bankruptcy court's future involvement in the case. When only mechanical or ministerial action is required of the bankruptcy court, then the order will be considered final. *See Schneider v. United States Dep't of Agric., Farmers Home Admin. (In re Schneider)*, 873 F.2d 1155, 1157 (8th Cir.1989); *United States Trustee v. Prines (In re Prines)*, 867 F.2d 478, 481 (8th Cir.1989); *Vekco, Inc. v. Federal Land Bank (In re Vekco, Inc.)*, 792 F.2d 744, 745 (8th Cir.1986). In defining what constitutes a purely mechanical or ministerial task, this court has included those actions "whose performance is unlikely to generate a new appeal or to affect the issue that the disappointed party wants to raise on appeal from the order of remand." *Vekco*, 792 F.2d at 745 (quoting *In re Fox*, 762 F.2d 54, 55 (7th Cir.1985)). Similarly, this court has held that there is no finality when the bankruptcy court must exercise considerable further discretion. *Schneider*, 873 F.2d at 1157; *Vekco*, 792 F.2d at 745. Conversely, when the decision effectively resolves the merits of the controversy, it is final. *Muncrief*, 900 F.2d at 1224; *Schneider*, 873 F.2d at 1157.

In this case, we find that the bankruptcy court has not effectively resolved the merits of the controversy and it has remaining tasks which are not purely mechanical or ministerial. In this situation where the bankruptcy order has neither confirmed a plan nor dismissed the underlying petition, we note that the debtor has not been precluded from submitting another plan for the bankruptcy court to consider. *See Simons,* 908 F.2d at 645; *Maiorino,* 691 F.2d at 91; *MCorp,* 139 B.R. at 822; *cf. Gaines,* 932 F.2d at 732 (holding that when additional time remained for bankruptcy court to consider objections to discharge, issue was not final). In fact, the bankruptcy court invited Lewis to submit an amended plan. Consideration of any additional plan would involve substantial discretion and cannot be deemed purely ministerial. Moreover, any decisions on alternative plans would likely engender more appeals.

This court has held bankruptcy decisions which resolve singular disputes in isolated, separate adversary proceedings affecting only one aspect of the bankruptcy estate to be final. *See, e.g., Leimer,* 724 F.2d at 745; *In re Bestmann,* 720 F.2d 484, 486 (8th Cir. 1983). We also recently held that an order denying a claimed exemption is a final appealable order under § 158(d). *Huebner v. Farmers State Bank (In re Huebner),* 986 F.2d 1222 (8th Cir.1993). However, this case does not address a similar kind of question to either of those disputes. The bankruptcy court in this case has never confirmed a final plan, it has only denied one proposed plan. Likewise, the underlying petition has not been dismissed thereby precluding further plan proposals. Therefore, even under a liberal finality standard, the bankruptcy court has not sufficiently resolved the issue to allow the district court to simply affirm the decision and pass the case along to this court for appellate review.

The second element to consider in determining finality is the extent to which delay in obtaining review will prevent the aggrieved party from obtaining effective relief. In this situation, delay should not burden either party from obtaining relief. All that is needed in this case is a final confirmation or dismissal. Either party may then appeal from the final disposition of the bankruptcy proceeding and obtain effective, timely resolution of this case. *Gaines,* 932 F.2d at 732; *Simons,* 908 F.2d at 645.

The third finality factor is the extent to which a later reversal will require relitigation of the entire proceedings. A later reversal in this case will not compel extensive relitigation. The basic facts are not in dispute and there have already been extensive proceedings below which should make the resolution of this case and the entry of a final order a swift undertaking. In addition, while we are cognizant of the need to avoid excessive, duplicative litigation, we are also guided by this court's admonition to avoid "piecemeal adjudication of this controversy." *Gaines,* 932 F.2d at 732. Allowing an appeal at this stage would invite just such piecemeal litigation.

■ Applying this court's general rule for finality of bankruptcy decisions leads us to the conclusion that the decision of the district court was not final. Examining the closest precedents in this circuit reinforces this conclusion.

In *Travelers Ins. Co. v. KCC–Leawood Corporate Manor I,* 908 F.2d 343 (8th Cir. 1990), this court faced a district court's order which remanded a case back to the bankruptcy court. The bankruptcy court decision was a contingent order similar to the one presented in the case at bar. The bankruptcy court's order in *Travelers* purported to confirm a plan subject to several specified conditions. *Id.* at 344. However, the district court concluded that the bankruptcy court's order was an implicit denial of confirmation. *Id.* at 345. Similarly, in this case, there has never been a confirmation of any plan. In *Travelers,* the district court clearly remanded to the bankruptcy court for further proceedings. *Id.* at 345. The district court here did not remand, but it should have remanded to give the bankruptcy court the opportunity to confirm a final plan or dismiss the petition. In *Travelers,* this court held that it lacked jurisdiction because the district court's re-

mand order did not dispose of the specific controversy or claim. *Id.* The result in this case is the same for the same underlying reason: the bankruptcy court did not finally resolve the merits of the controversy. It is very unclear where this proceeding now stands, and we will not deem final an order which leaves the matter so uncertain.

While *In re Blankemeyer*, 861 F.2d 192 (8th Cir.1988) (per curiam), presented an issue somewhat similar to this case, it does not control our decision here because in *Blankemeyer* we "assumed without deciding that [a bankruptcy court's denial of a proposed Chapter 11 reorganization plan] is reviewable." *Travelers*, 908 F.2d at 344 n. 5. Here the jurisdictional issue is squarely before us and we make no such jurisdictional assumption.

### III.

We hold we do not have jurisdiction to hear this appeal. This court wishes to alert debtors whose plans are not confirmed of Congress' express intent to circumscribe this court's appellate review of that denial. We also seek to remind the district and bankruptcy courts of this court's jurisdictional limitations, as defined by Congress, to review only final decisions in bankruptcy matters.

Accordingly, we dismiss this appeal for lack of jurisdiction. We vacate the district court order and remand this case to the district court with instructions to remand to the bankruptcy court for further proceedings which will result in a final appealable order.