**In re MJK CLEARING, INC., Debtor.**

**James P. Stephenson, Trustee for the Estate of MJK Clearing, Inc., Plaintiff,**

v.

**Leon A. Greenblatt, Banco Panamericano, Inc., Loop Corp., Nola L.L.C., and Repurchase Corp., Defendants.**

BKY No. 01–4257(RJK).
CIV. No. 03–6118(DSD).

United States District Court, D. Minnesota.

Nov. 25, 2003.

Rule 1.7. Conflict of interest: general rule; Rule 3.1. Meritorious claims and contentions; and Rule 8.4. Misconduct.

Robert Lee Schnell, Jr., James Lloyd Volling, Jesseca R.F. Grassley, Faegre & Benson, Minneapolis, MN, for plaintiff.

Michael H. Streater, Esq. Briggs and Morgan, P.A., Minneapolis, MN, C. Philip Curley, Esq., Al Dolinko, Esq., Robinson, Curley & Clayton, Chicago, IL, for defendants.

## ORDER

DOTY, District Judge.

This matter is before the court upon the motion of defendants Leon A. Greenblatt, Banco Panamericano, Inc., Loop Corp., Nola L.L.C., and Repurchase Corp., to vacate the judgment of the United States Bankruptcy Court entered on October 9, 2003 in BKY. No. 01–4257(RJK). Defendants alternatively ask the court to stay execution on that judgment. Plaintiff opposes the motion and requests an award of attorneys' fees and costs incurred in responding to the motion. For the following reasons, defendants' motion is denied and plaintiff's request for fees is denied.

## BACKGROUND

The underlying matter came before United States Bankruptcy Judge Robert J. Kressel as an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. Plaintiff sought recovery of money damages and an assignment of tax credits arising from promissory notes and a personal guarantee. On August 20, 2003, Judge Kressel granted summary judgment in favor of plaintiff on Counts III, IV and V of the complaint. He further instructed the parties to determine whether Counts I and II should be dismissed with or without prejudice. Counts I and II had been pleaded in the alternative to Counts III through V. On

September 11, 2003, Judge Kressel signed an order memorializing the grant of partial summary judgment. (Order of Sept. 11, 2003.) The order awarded plaintiff monetary damages, transfer of tax credits, attorneys' fees and interest "until entry of judgment." (*Id.*) The order did not address Counts I and II, nor did it instruct the clerk of court to enter judgment. (*Id.*)

On September 25, 2003, Judge Kressel signed a second order, dismissing the adversary action without prejudice.[1] (Order of Sept. 25, 2003.) On October 2, 2003, defendants filed notice of appeal, challenging both the grant of partial summary judgment and the order of dismissal.

On October 9, 2003, the clerk of bankruptcy court entered final judgment awarding money damages and ordering transfer of tax credits in accordance with Judge Kressel's partial summary judgment order. Defendants then filed notice of appeal of the entry of judgment. Plaintiff proceeded to have the judgment recorded in the Circuit Court of Cook County, Illinois, and has sought discovery in aid of execution of the judgment. Defendants then filed the present emergency motion to vacate the judgment and stay execution pursuant to Rule 8011(d) of the Federal Rules of Bankruptcy Procedure.

## DISCUSSION

The district courts have jurisdiction over appeals of final judgments of the bankruptcy courts. *See* 28 U.S.C. § 158(a). A party may seek expedited relief from a final order of the bankruptcy court upon a showing of irreparable harm and compliance with the procedural requirements of Rule 8011. *See* Fed. R. Bankr.P. 8011(d).

---

1. It appears from the text of the order that Judge Kressel believed the remaining issues had been resolved by the parties. (Order of September 25, 2003.)

Final judgment in an adversary bankruptcy proceeding must be set forth in a separate document and entered in accordance with Fed.R.Civ.P. 58. *See* Fed. R. Bankr.P. 9021. However, where a court's order resolves less than all the claims or determines the rights and liabilities of fewer than all the parties to a suit, judgment should be entered on the resolved claims only upon the court's express declaration that there is no just reason for further delay. *See* Fed. R. Bankr.P. 7054(a) (incorporating Fed.R.Civ.P. 54(a)-(c)).

Defendants contend that judgment should not have been entered for two reasons. First, they argue that because the matter had been dismissed by Judge Kressel's second order, the court lacked jurisdiction to enter judgment. Second, defendants argue that once they filed their notice of appeal of the partial summary judgment order and the order of dismissal, the court was divested of jurisdiction to enter final judgment.

 Defendants' first assertion fails because the court expressly retained jurisdiction to vacate its order of dismissal upon a showing "that further litigation is necessary, that a settlement has not been completed or that the parties wish to submit and file a stipulation or stipulated form of final judgment to complete a settlement." (Order of Sept. 25, 2003.) Several things are clear from the order. First, Judge Kressel found that the remaining issues had become moot, because the outstanding claims had been pleaded in the alternative and the court had granted summary judgment on the other claims.[2] (*Id.*) Second, the court retained jurisdiction to vacate the dismissal and to reopen the action if necessary. (*Id.*) Third, the court

envisioned a forthcoming entry of final judgment. (*Id.*) Finally, Rule 8011–1 of the Local Rules of the Bankruptcy Court requires that motions pursuant to Rule 8011(d) be raised first at the bankruptcy level. *See* LR Minn. Bankr.8011–1(a) and (b). For these reasons, Judge Kressel correctly asserted continuing jurisdiction up until the entry of final judgement. Therefore, defendants' argument that the order of dismissal divested the court of jurisdiction fails.

 Defendants' second claim raises the question of whether a defendant can deprive a court of jurisdiction to effect its orders and judgment by simply filing notice appeal before judgment is entered. The court finds that, in the circumstances presented here, a defendant cannot do so.

 While the filing of an appeal generally divests a lower court of jurisdiction, that rule does not apply to the lower court's ministerial functions. *See Lewis v. United States*, 992 F.2d 767, 772 (8th Cir. 1993). It is true that judgment cannot be entered on a grant of partial summary judgment unless the court finds there is no just reason for further delay and orders entry of judgment. *See* Fed. R. Bk. P. 7054(a); Fed.R.Civ.P. 54(b). However, that finding was no longer necessary after the order of dismissal. Once summary judgment had been granted on Counts III through V, and Counts I and II had been dismissed, there were no unresolved claims and entry of judgment became a proper ministerial function of the clerk. *See* Fed. R. Bankr.P. 9021.

Moreover, the court finds that the Federal Rules of Appellate Procedure, by way of analogy, provide guidance in this in-

---

2. The court acknowledges defendants' argument that the status of the remaining counts was not moot, because the question of whether they should be dismissed with or without prejudice remained in dispute. That question can be resolved on appeal and is not a sufficient basis to vacate the judgment.

stance. Rule 4 contemplates the circumstance where a party files notice of appeal in the interim between the issuance of a final order and the entry of judgment. *See* Fed. R.App. P. 4(a)(2). In such cases, the notice of appeal relates forward and is treated as if filed on the day and after judgment was entered. *See id.* Thus, despite the filing of a notice of appeal, a lower court retains jurisdiction to enter judgment. The same logic applies in the present case.

 Because all of defendants' claims can be addressed on appeal, the judgment need not be vacated. Further, if defendants wish to stay the judgment pending appeal, they may do so by filing an appropriate supersedeas bond in accordance with the applicable rules. *See* Fed. R. Bankr.P. 7062; Fed.R.Civ.P. 62(d). Therefore, the court finds that defendants do not stand to suffer irreparable harm. Emergency relief pursuant to Fed. R. Bankr.P. 8011(d) is unnecessary in this case.

 Finally, plaintiff contends that defendants' motion was frivolous and requests an award of attorneys' fees and costs incurred in responding to the motion. Plaintiff points to defendants' failure to comply with the requirement that motions under Fed. R. Bankr.P. 8011(d) be brought before the bankruptcy judge in the first instance. *See* LR Minn. Bankr.P. 8011–1(a). However, to do so would have been contrary to the premise of defendants' motion, which asserted that the bankruptcy court lacked jurisdiction. Further, in light of the sequence and timing of the orders and entry of judgment below, the court does not find defendants' motion so lacking in merit as to warrant plaintiff's requested sanction.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion of defendants to vacate or stay the judgment [Docket No. 56] is denied.

2. Plaintiff's request for attorneys' fees and costs is denied.

