# United States Court of Appeals

### For the Eighth Circuit

_____

## No. 13-3636

_____

In re: Civic Partners Sioux City, LLC

*Debtor*

------------------------------

Civic Partners Sioux City, LLC

*Appellant*

v.

Main Street Theaters, Inc.; Main Street-Sioux City, Inc.; Steven Semingson;
Northwest Bank, successor by merger with First National Bank; City of Sioux City

*Appellee*s

_____

## No. 13-3638

_____

In re: Civic Partners Sioux City, LLC

*Debtor*

------------------------------

Civic Partners Sioux City, LLC

*Appellant*

v.

Main Street Theaters, Inc.; Main Street-Sioux City, Inc.; Northwest Bank,
successor by merger with First National Bank; City of Sioux City

*Appellee*s

_____

Appeal from the United States Bankruptcy
Appellate Panel for the Eighth Circuit

_____

Submitted: October 7, 2014
Filed: March 3, 2015

_____

Before MURPHY, SMITH, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Debtor Civic Partners Sioux City, LLC ("Civic") appeals four orders of the bankruptcy court.[1]  We dismiss for lack of jurisdiction.

As part of a redevelopment project partially financed by Sioux City, Iowa (the "City"), Civic borrowed money from Northwest Bank (the "Bank") to build a movie-theater complex.  Main Street Theaters, Inc. ("Main Street") leased the theater space in 2004.  Because of various problems, Main Street did not fully pay its rent to Civic, and Civic did not fully make its loan payments to the Bank.  After mediation, Civic and Main Street agreed on an amended lease that substantially lowered Main Street's

_____

[1]The Honorable Thad J. Collins, Chief Judge, United States Bankruptcy Court for the Northern District of Iowa.

rent.  Nonetheless, difficulties continued.  Eventually, Civic filed for Chapter 11 bankruptcy.

In bankruptcy court, Civic filed a plan of reorganization.  As part of the plan, Civic argued that the court should subordinate the interests of the Bank and the City because they had defrauded Civic into accepting the amended lease.  After Civic moved for a ruling that the original, 2004 lease with Main Street applied, the bankruptcy court issued two orders deciding that the amended lease applied.  Civic moved for reconsideration, which the court denied.  Civic then appealed the two lease orders and the denial of reconsideration to the Bankruptcy Appellate Panel (the "BAP").  On February 1, 2013, the BAP ruled that Civic's appeal was improperly interlocutory and dismissed for lack of jurisdiction.  *See* 28 U.S.C. § 158(a), (c)(1). Civic did not appeal that ruling.

Civic filed a second plan, which restated the fraud argument.  The bankruptcy court denied confirmation of the second plan and rejected the fraud argument.  The court, however, did not dismiss the bankruptcy petition.  Civic then appealed this new order and—again—the three earlier orders.  The BAP again dismissed for lack of jurisdiction. Civic now appeals all four orders to this court—the two lease orders, the denial of reconsideration of those two orders, and the denial of the second plan's confirmation.

With exceptions not relevant here, our jurisdiction over appeals from the BAP is limited to appeals from "final decisions, judgments, orders, and decrees."  *Id.* § 158(d).  For this purpose, "a determination of the [BAP] is not 'final' unless the underlying order of the bankruptcy court is final."  *In re Popkin & Stern*, 105 F.3d 1248, 1250 (8th Cir. 1997) (quoting *In re Flor*, 79 F.3d 281, 283 (2d Cir. 1996)).  "Accordingly, jurisdiction to hear the merits . . . rests on whether the bankruptcy court issued a final, appealable order."  *In re Gaines*, 932 F.2d 729, 731 (8th Cir. 1991).  Further, the "[t]imely filing" of a notice of appeal "'is mandatory and

jurisdictional.'" *United States v. Stute Co., Inc.*, 402 F.3d 820, 822 (8th Cir. 2005) (quoting *United States v. Fitzgerald*, 109 F.3d 1339, 1342 (8th Cir. 1997)). Here, we lack jurisdiction to review any of the four orders.

The three earlier, lease-related orders were deemed non-final by the BAP on February 1, 2013. Civic invokes our jurisdiction only by arguing that the three orders were final. But even assuming the orders were final, Civic had only thirty days after February 1, 2013 to appeal them to us. Fed. R. App. P. 4(a)(1)(A), 6(b)(1). Civic did not appeal within that time, and so we lack jurisdiction.

We also lack jurisdiction to review the fourth order, which denied confirmation of Civic's second plan. In *Lewis v. United States, Farmers Home Administration*, 992 F.2d 767 (8th Cir. 1993), we held that "bankruptcy orders denying confirmation of a proposed plan but not dismissing the underlying petition are nonfinal decisions not subject to appeal." *Id.* at 772. Fifteen years later, we repeated that "[u]nder Eighth Circuit law, which is consistent with the views of other circuits, an order denying confirmation of a plan, which does not dismiss the case, is not a final order and cannot be appealed." *In re Zahn*, 526 F.3d 1140, 1143 (8th Cir. 2008). The bankruptcy court has not dismissed Civic's petition. It is thus clear that we cannot review the denial of Civic's second plan. To the extent that Civic's reply brief urges us to review the bankruptcy court's rejection of the fraud claims, a ruling contained within the plan denial, *Lewis* forecloses that possibility as well. *Cf. Lewis*, 992 F.2d at 769-771, 774 (finding plan denial not appealable where denial also included ruling on underlying issue).

This appeal is dismissed.[2]

———————————————

---

[2]Immediately after Civic appealed to this court, the Bank filed a motion to dismiss and a separate motion for damages and costs. *See* Fed. R. App. P. 38. Presumably because it was filed immediately, the latter motion did not identify or itemize the amounts requested. Having now effectively granted the motion to dismiss, we deny the motion for damages and costs without prejudice to refiling such a motion in accordance with Federal Rules of Appellate Procedure 38 and 39 and 8th Circuit Rule 39A.